STATE EX REL. PRUNK *v.* SUPERIOR COURT OF
MARION COUNTY, ET AL.

[No. 28,450.  Filed May 19, 1948.]

*Seth L. Ward,* of Indianapolis, for appellant.

*Ross, McCord, Ice & Miller,* of Indianapolis, for appellees.

STARR, J.—This is an original action wherein the relator seeks a writ of mandate to compel the respondents, judges of the Superior Court of Marion County, to grant a change of venue from Marion County upon his verified motion therefor, which was overruled, in a cause now pending in said Superior Court wherein Pauline Prunk and relator are the parties plaintiff and Indianapolis Redevelopment Commission and all the members of said Commission are defendants, which cause is numbered B-62219 of said Superior Court. Respondents have filed their return to the writ to show cause which was issued when this action was commenced.

Said cause so pending in the Superior Court is a proceedings to review the official finding and order of

the Indianapolis Redevelopment Commission wherein said Commission on April 13, 1948, after overruling the remonstrance of relator and Pauline Prunk, confirmed its Declaratory Resolution One that its Project B, which concerned the acquisition of a blighted area in the City of Indianapolis, adopted January 2, 1948, will be of public utility and benefit.

The proceedings above described of said Commission and relator's appeal along with Pauline Prunk to review the same, are all pursuant to § 48-8501 *et seq.* Burns' 1933, (1948 Supp.) Acts 1945, ch. 276 known as the "Redevelopment Act of 1945."

Section 48-8515 of this act provides that the appeal (more properly an action to review) shall be to the Superior Court; that it shall be promptly heard by said court without the intervention of a jury; that all the judges of that court, or a majority thereof if all are not available, shall hear such cause, and that in order to render a finding and judgment it shall be necessary for only a majority of the judges hearing the cause to concur therein.

By the foregoing provisions it would seem to us that the intent of the legislature is clearly indicated; namely, that no change of venue in this particular kind of an action is contemplated or allowable. There is no superior court in any county adjacent to Marion County, not to mention a superior court with more than one judge. To grant this change of venue would be giving relator a trial before the tribunal entirely different from the one provided for in the act and one not contemplated by the act.

We also note the section of this statute last cited also provides, among other things, that the trial shall be had within 30 days of the filing of the appeal; that the hearing may be had in vacation and no appeal

shall lie from the judgment of the court. Regardless of whether these provisions and restrictions or any of them are invalid, they do indicate that the proceedings is summary and no change of venue was intended by the legislature. *Matlock* v. *Bloomington Water Co.* (1925), 196 Ind. 271, 146 N. E. 852.

In making this decision we are not called upon to pass on the validity of this act or any portions of the same.

It is our opinion that the action of said Superior Court in refusing a change of venue from the county as above indicated was correct. The writ heretofore issued herein is therefore dissolved and relator's petition is denied.

NOTE.—Reported in 79 N. E. 2d 215.