PRUNK ET AL. *v.* INDIANAPOLIS REDEVELOPMENT COMMISSION OF THE DEPARTMENT OF REDEVELOPMENT OF THE CITY OF INDIANAPOLIS ET AL.

[No. 28,509. Filed June 27, 1950. Rehearing denied October 31, 1950.]

Starr and Young, J. J., concur in result. Jasper, J., not participating.

*Seth S. Ward and James C. Jay,* of Indianapolis, for appellants.

*Harry T. Ice, R. Stanley Lawton, Robert D. Risch;* and *Ross, McCord, Ice & Miller* (of counsel), all of Indianapolis, for appellees.

EMMERT, C. J.—This appeal involves procedural rights under the "Redevelopment Act of 1945," hereafter referred to as the act, § 48-8501, et seq., Burns' 1950 Replacement, (Acts 1945, Ch. 276). Appellee filed a motion to dismiss the appeal, and we deferred ruling thereon until after the cause was briefed on the merits, which has now been done.

The Indianapolis Redevelopment Commission on January 2, 1948, adopted a declaratory resolution declaring certain real estate owned by the appellants to be a blighted area, and that it would be of public utility and benefit to the city and its inhabitants to acquire and redevelop it in accordance with plans of the commission adopted pursuant to the act. The declaratory resolution was submitted to and approved by the Plan Commission of the City of Indianapolis, after which notice was given for a hearing on the preliminary resolution on April 7, 1948, as provided by § 14 of the act (§ 48-8514, Burns' 1950 Replacement). The appellants filed separate remonstrances to the proceedings in which each alleged as follows:

> "It will not be of public utility and benefit to acquire the aforedescribed area for the purpose of redevelopment as specified in said declaratory resolution. That the proposed plan of redevelopment will result in great and irreparable damage and hardship to this petitioner and such action is in

contravention of the Constitution of the United States of America and is contravention of the Constitution of the State of Indiana."

The Indianapolis Redevelopment Commission then overruled each remonstrance, and declared that it would be of public utility and benefit to proceed with the plan of redevelopment as set forth in the declaratory resolution, and finally approved the same. Both appellants filed and perfected an appeal to the Superior Court of Marion County, in which they stated they appealed from the final action of the commissioners, and reserved all legal rights given by the laws of the State of Indiana.

During the hearing on the appeal, counsel for appellants made and entered of record the following motion:

"Comes now Pauline Prunk and Byron F. Prunk . . . and separately and severally dismissed their action solely but not the appeal in this case."

The trial court, after requesting appellants to clarify their action, made the following entry:

"Come again the parties by counsel, and it appearing that the appellants have heretofore dismissed their 'cause of action,' but not their 'appeal' and counsel for appellants in open court states that by 'cause of action,' he meant his 'remonstrance,' and the court feeling that when said 'remonstrance' is dismissed, nothing remains to be tried by this court; but inasmuch as appellants have reserved their 'appeal' and such action appearing ambiguous and contradictory, the court holds that said 'appeal' is not dismissed, and orders said appeal to be continued and proceed to trial by way of review."

The court filed a special findings of fact and conclusions of law thereon. The seventh finding stated:

"The findings made by the Indianapolis Redevelopment Commission that it would be of public utility and benefit to proceed to acquire the blighted area described as Project B and with the redevelopment plan provided for therein, has a reasonable basis for support, and was supported by substantial evidence which the Indianapolis Redevelopment Commission had before it. It will be of public utility and benefit to acquire the blighted area described in Exhibit A attached hereto for the purpose of redevelopment under the Redevelopment Act of 1945."

The conclusions of law are as follows:

"The law is with the appellees. The Indianapolis Redevelopment Commission has complied with all statutory proceedural requirements. The action of the Indianapolis Redevelopment Commission in adopting Confirmatory Resolution One Project B, was within its powers and the action taken by it was legally taken and should be sustained. The remonstrances of appellants should be overruled and judgment entered accordingly."

We hold, under the authorities later discussed, that the trial court's ruling with reference to the dismissal of the remonstrance, and the retention of jurisdiction to "proceed to trial by way of review," was correct.

In *State ex rel. Prunk* v. *Superior Court of Marion County* (1948), 226 Ind. 235, 236, 79 N. E. 2d 215, 216, which involved an attempt to take a change of venue from Marion County by the present appellants, this court said:

"Said case so pending in the Superior Court is a proceedings to review the official finding and order of the Indianapolis Redevelopment Commission . . ."

This decision became and is the law of the case in subsequent proceedings and appeals. *State ex rel. Joint*

*County Park Board* v. *Verbarg* (1950), 228 Ind. 280, 91 N. E. 2d 916, and authorities therein cited.

The appellees insist that § 15 of the act, § 48-8515, Burns' 1950 Replacement, limiting the right of appeal, is valid. This section limits the right of review by the Marion Superior Court to the question of the public utility and benefit in acquiring the blighted area in question for the purpose of redevelopment under the provisions of the act, and further provides that there shall be no appeal from the judgment of the trial court.

In *Warren* v. *Indiana Telephone Co.* (1940), 217 Ind. 93, 26 N. E. 2d 399, this court held it was beyond the constitutional power of the legislature to prohibit a review by the courts of the findings of an administrative body, and neither could the legislature prohibit this court from exercising its constitutional right to review the judicial action of the appellate court. In speaking of the right of review, Judge Shake, speaking for the court, said:

> "Strictly speaking, there is no such thing as an appeal from an administrative agency. It is correct to say that the orders of the administrative body are subject to judicial review; and that they must be so to meet the requirements of due process. Such review is necessary to the end that there may be an adjudication by a court of competent jurisdiction that the agency has acted within the scope of its powers; that substantial evidence supports the factual conclusions; and that its determination comports with the law applicable to the facts found." (P. 105.)

In *Board of Medical Registration and Exam.* v. *Moore* (1947), 224 Ind. 621, 625, 70 N. E. 2d 354, this court quoted with approval the statement in *Public Service Commission* v. *City of LaPorte* (1935), 207

Ind. 462, 193 N. E. 668, as follows: " 'The power of the courts to confine administrative boards and commissions within their constitutional jurisdiction, and to· enjoin unreasonable administrative or legislative orders or regulations, is not derived from the statute, but exists through· and under the Constitution.' "

In *Joseph E. Seagram & Sons* v. *Board of Com'rs., etc.* (1943), 220 Ind. 604, 45 N. E. 2d 491, the appellee contended that the statutory provisions of the Flood Control Act (§ 48-4931, Burns' 1950 Replacement), that "There shall be no appeal from such judgment, and after the entry of such decree the establishment of said district shall not be questioned in any action or proceeding, except as herein otherwise expressly provided," were conclusive and that the appeal should be dismissed. But upon the authority of *Warren* v. *Indiana Telephone Co.* (1940), 217 Ind. 93, 26 N. E. 2d 399, *supra,* and *State ex rel. White* v. *Hilgemann, Judge* (1941), 218 Ind. 572, 34 N.· E. 2d 129, it was held that the legislature could not take from the Supreme · Court its constitutional appellate jurisdiction. This holding necessarily included the right to a review by the trial court before its action could be reviewed by this court.

Therefore, we hold that the provision of § 15 of the act, § 48-8515, Burns' 1950 Replacement, denying an appeal from the judgment of the trial court, is unconstitutional, and that the right of the trial court to review the proceedings of the Redevelopment Commission could not be limited to the question of public utility and benefit to acquire the blighted area in question for the purpose of redevelopment under the provisions of the act.

However, it does not appear from the special findings and conclusions of law thereon, that the con-

stitutional questions now sought to be raised were ever properly presented to the trial court. The remonstrances, which were dismissed, did not specify any provision, either by section, article, or by identifiable reference, of either the federal constitution or the Constitution of Indiana, that was violated. Nor did the pleading whereby the appeal was taken assert the violation of any constitutional right. When a provision of a constitution is asserted to be violated it should be pointed out with such certainty that the trial court and this court have no difficulty in determining what part of the constitution is violated by it. *In Re Petition of Pittsburgh, etc., Ry. Co.* (1897), 147 Ind. 697, 47 N. E. 151; *Edenharter, Supt.* v. *Connor* (1916), 185 Ind. 643, 114 N. E. 212; *Simmons* v. *Simmons* (1917), 186 Ind. 575, 116 N. E. 49; *Overshiner* v. *State* (1901), 156 Ind. 187, 59 N. E. 468; *Levy* v. *State* (1903), 161 Ind. 251, 68 N. E. 172; *Manley* v. *State* (1925), 196 Ind. 529, 149 N. E. 51; *Luttrell* v. *State* (1932), 204 Ind. 116, 183 N. E. 318; 12 C. J. 785, § 216. Even if it be conceded that the allegations of the remonstrance were sufficiently definite to raise a constitutional issue, yet the remonstrance was dismissed on motion of the appellants so that there was nothing of record before the trial court presenting any constitutional issue. Nor do the special findings and conclusions show that the trial court considered any such issue. We must hold, under this state of the record, that there is no constitutional issue on the merits presented here.

The motion to dismiss is overruled, and the judgment of the trial court is affirmed.

Starr and Young, J. J., concur in result.

Jasper, J., not participating.

NOTE.—Reported in 93 N. E. 2d 171.