## McCoy et al. *v.* City of Evansville etc. et al.

[No. 29,705. Filed December 29, 1958.]

---

*William H. Miller*, of Evansville, for appellants.

*John G. Bunner,* of Evansville, *Harry T. Ice, Robert D. Risch,* and *Ross, McCord, Ice & Miller,* of counsel, all of Indianapolis, for appellees.

BOBBITT, J.—Appellants brought this action seeking to enjoin appellees from proceeding under Acts 1953, ch. 176, as amended by the Acts of 1955, ch. 187, by Acts of 1957, ch. 173, being §48-8541 *et seq.,* Burns' 1957 Supp., to condemn appellants' property consisting of two residences and a commercial building used as a restaurant, and to issue bonds to provide funds for the operation of the Evansville Redevelopment Commission.

The complaint alleges that these Acts are unconstitutional under certain sections of the Constitution of Indiana and the Fourteenth Amendment of the Constitution of the United States.

Appellees' demurrer to the complaint was sustained and the appellants refusing to plead further, judgment was rendered against them and they appealed.

The provisions of the Acts here in question are identical to those in ch. 276 of the Acts of 1945, and ch. 170 of the Acts of 1957, being §48-8501 *et seq.,* Burns' 1950 Replacement.

Appellants here assert that the 1953 Act, as amended, violates Art. 1, §21 of the Constitution of Indiana because it authorizes the property of one individual to be taken for the benefit of another; that it violates Art. 13, §1 of the State Constitution because it is an attempt to evade the constitutional debt limitation; that it violates Art. 3, §1, Art. 4, §1, Art. 1, §12, Art. 1, §23 of the State Constitution and §1 of the Fourteenth Amendment of the Constitution of the United States because it does not set up sufficient standards to guide the Redevelopment Commission in

its action and is, therefore, an unlawful delegation of the legislative power.

All of the above questions were decided adversely to appellants herein in *Alanel Corp., etc.* v. *Indpls. Redevelop't Comm. et al.* (1958), 239 Ind. 35, 154 N. E. 2d 515, and for the reasons there stated the Acts here in question do not violate any of the constitutional provisions as asserted hereinabove.

Appellants herein further assert that the Act here in question violates the provisions of Art. 1, §12 of the Constitution of Indiana and the Due Process Clause of the Fourteenth Amendment because the right of appeal granted by §15 of the Acts of 1953, as amended, which provides, "The only ground of remonstrance which said court shall have the power or jurisdiction to hear shall be the question whether the proposed project will be of public utility and benefit, . . .", (Acts 1957, ch. 173, §7, p. 358, being §48-8555, Burns' 1957 Cum. Supp.) is a constitutional limitation on the jurisdiction of the courts, relying upon *Prunk* v. *Indpls. Redevelopment Comm.* (1950), 228 Ind. 579, 93 N. E. 2d 171.

While that case purported to hold such provision in the Redevelopment Act of 1945 unconstitutional, the opinion closes with the following: "We must hold, under this state of the record, that there is no constitutional issue on the merits presented here.", and the judgment of the trial court overruling the remonstrance of appeal was affirmed.

Unlike the situation in the Prunk Case, the question here presented was raised by paragraph 9 (c) of the complaint, and we must, therefore, assume that is was considered by the trial court.

Appellees, however, contend that the constitutionality of §15, *supra,* is not presented on the record here be-

fore us because appellants elected to file this separate action in equity instead of proceeding under the provisions of the statute which they here seek to attack. This may be true, but, since the trial court had this question before it, and it is here presented in compliance with the provisions of Rule 2-17 of this court, we feel it our duty to consider it on its merits.

The rule seems well-established in Indiana that,

" ' "The power of the courts to confine administrative boards and commissions within their constitutional jurisdiction, and to enjoin unreasonable administrative or legislative orders or regulations, is not derived from the statute, but exists through and under the Constitution." ' " *Prunk* v. *Indpls. Redevelopment Comm., supra* (1950), 228 Ind. 579, 585, 93 N. E. 2d 171.

Further, §15 of the 1953 Act was amended by §7 of ch. 173 of the Acts of 1957 to provide for an appeal "as in other civil actions."

For these reasons we are of the opinion that §15, as now amended by §7 of ch. 173, *supra,* does not limit a review to the sole question of whether or not the proposed project will be of public utility and benefit. *Prunk* v. *Indpls. Redevelopment Comm., supra.*

Appellants have failed to sustain their burden of showing reversible error, and the judgment must be affirmed.

Judgment affirmed.

Landis, C. J., and Emmert, J., concur.

Achor, J., dissents for the reason given in his dissenting opinion in *Alanel Corp., etc.* v. *Indpls. Redevelop't Comm. et al.* (1958), 239 Ind. 35, 154 N. E. 2d 515, in which Arterburn, J., concurs.

NOTE.—Reported in 154 N. E. 2d 804.