SEXTON ET AL. *v.* DUNLAP, ETC., ET AL.

[No. 30,414. Filed February 9, 1966. Rehearing denied April 25, 1966.]

*George Rose,* of Bloomington, for appellants.

*James R. Regester* and *Leroy Baker,* of Bloomington, and *Harry T. Ice* and *James E. Hawes, Jr.,* of Indianapolis, and *Ice, Miller, Donadio & Ryan,* of counsel, of Indianapolis, for appellees.

JACKSON, J.—This is an appeal from a denial by the Special Judge in the Monroe Circuit Court of the injunctive relief sought by appellants in a class action pending therein.

The issues for the trial court to determine were (1) whether a permanent injunction should issue against the appellees in their respective capacities of Mayor and Redevelopment Com-

missioners of the City of Bloomington, enjoining them from continuing with a specified project for the redevelopment of a certain area in that City, undertaken pursuant to the Redevelopment of Cities and Towns Act of 1953, as amended, which injunction was sought (a) by reason of the alleged unconstitutionality of the said Act or of the acts of the appellees thereunder, or both, under specified provisions of the Constitution of the State of Indiana or the Constitution of the United States, or both, and, (b) by reason of the alleged failure of appellee-commissioners and the Common Council of the City of Bloomington to comply with certain provisions of said Act; or (2) whether the appellants were entitled to raise any such issues by reason of their failure to file remonstrances to the resolution proposing such redevelopment program prior to the date of the public hearing thereon, and by reason of their failure to appeal the order of the appellee-commissioners approving such proposal directly to the Circuit Court of Monroe County in accordance with and within the time specified by such Act, thereby rendering these matters conclusive against them and not open to attack in a collateral and indirect action such as this.

The issues above set forth were submitted to the trial court for trial, without the intervention of a jury from October 22, 1962, through October 25, 1962. After both parties had rested, the trial court found generally for the appellees and against the appellants, and entered its judgment herein on November 2, 1962. Such judgment, omitting caption, signature and formal parts, reads as follows:

"Comes now the parties by their respective attorneys and the court having heretofore heard the evidence in this cause and having taken the same under advisement, and being now advised, finds for the defendants, and that the Urban Renewal program involving the acquisition of plaintiff's property, and the property of others similarly situated, violates no rights of the plaintiff, or other persons similarly situated, and that the plaintiff is not entitled to a restraining order or injunction against the defendants in this cause.

"It is therefore considered, ordered, adjudged and decreed by the Court that the plaintiff take nothing by her

complaint, and that the defendants recover their costs taxed at $————."

Before going into an exhaustive consideration of the issues raised or attempted to be raised by the appellants in the trial court, we deem it necessary to determine whether or not the action below could there be maintained at this stage of the proceedings. The action instituted below is in effect a collateral attack on the actions of the Bloomington Redevelopment Commission as being unconstitutional. The Act in question has been determined to be constitutional by this Court in the following cases: *Alanel Corp., etc. v. Indpls. Redevelop't Comm. et al.* (1958), 239 Ind. 35, 154 N. E. 2d 515; *McCoy et al. v. City of Evansville, etc., et al.* (1958), 239 Ind. 98, 154 N. E. 2d 804.

The Administrative Adjudication Act, § 63-3001 et seq. Burns' 1961 Replacement and the Redevelopment Act, Acts 1953, ch. 176, § 15, p. 603, 1957, ch. 173, § 7, 358, being § 48-8555 Burns' 1963 Replacement provide for an appeal from the actions of the Redevelopment Commission. Nowhere herein does it appear, nor is there any allegation, that appellants have resorted to the required procedure.

Failure to resort to the remedy provided by statute, and the attempted resort to the extraordinary remedy of injunction in lieu of the direct appeal provided by the act, constitutes a collateral attack on the actions of the Redevelopment Commission that could be maintained only in the event all other avenues of relief were forever closed or the commission had no jurisdiction in the first instance. *McCoy et al. v. City of Evansville, et al.* (1958), 239 Ind. 98, 154 N. E. 2d 804; *Alanel Corp., etc. v. Indpls. Redevelop't Comm. et al.* (1958), 239 Ind. 35, 154 N. E. 2d 515; *Pub. Ser. Comm. et al. v. City of Indianapolis* (1956), 235 Ind. 70, 131 N. E. 2d 308; *City of E. Chicago v. Sinclair Ref. Co.* (1953), 232 Ind. 295, 111 N. E. 2d 459; *Indianapolis Rys. v. City of Indianapolis* (1951), 229 Ind. 487, 98 N. E. 2d 505; *City of South Bend v. Marckle* (1939), 215 Ind. 74, 18 N. E. 2d 764; *Hibben v.*

*Smith*, (1902), 158 Ind. 206, 62 N. E. 447; *City of Terre Haute* v. *Beach et al.* (1884), 96 Ind. 143.

· Appellants here have failed to exhaust their remedies and this appeal is dismissed.

Myers, C. J., concurs. Arterburn, J., dissents with opinion. Rakestraw and Achor, JJ., not participating.

## DISSENTING OPINION

ARTERBURN, J.—The appellants sought a permanent injunction in the trial court to stop a so-called Urban Renewal Program by the City of Bloomington. (Redevelopment of Cities & Towns Act of 1953 as amended Acts 1957). The appellant owners of homes within the area described as "blighted," claim the city failed to follow the statute in the preliminary proceedings under which hearings were to be held and a record made which determined that the appellants' property was "blighted."

Plaintiffs' position secondly is that even if the defendant municipal corporation had complied with the law, the plaintiffs were still entitled to an injunction on the ground that the law is unconstitutional in that plaintiffs' rights to their homes and the protection of their homes under both the Federal and the Indiana Constitutions, are violated for the reason that the statute attempts to authorize the taking of private property and the destruction of their homes and the transfer of the title to the same to a private use and to private individuals and not to public ownership.

In *The Cemetery Company* v. *Warren School Township et al.* (1957), 236 Ind. 171, 139 N. E. 2d 538, this Court made it plain that at some point along the proceedings in eminent domain, the party whose property is being taken may question and object to *the right* of the alleged condemnor to take the property; for example, that the condemnor is not a public corporation empowered to do so, or that the proceedings is a subterfuge to take the property not for a *public* purpose, but

for a *private* purpose. We stated there, however, that if the condemnor had the authority and right to take the property, then the propriety or necessity of the taking could not be questioned "unless a question of fraud or bad faith is raised . . . or where the proceeding is a subterfuge to convey the property *to a private use.*" (Our italics)

I feel in this case and in all of these redevelopment proceedings, individuals whose homes or private property are being taken have a right to object and be heard on the ground that the particular property is not "blighted" and that it is not going to be applied to public use but is to be transferred to private ownership thereafter, if taken.

If particular property is a health menace, there are proceedings by which that portion of it may be destroyed, but I know of no constitutional right by which what remains, for example, the land, can be taken from a private individual and thereafter "redeveloped" and turned over to private concerns or individuals for private use. We may not like the way some people live or the way they dress or conduct themselves, but so long as they are not a public menace, we have no right under the Constitution to make them conform to our standards. To me, one of the basic concepts of the Constitution is the protection of the minority against the tyranny of the majority.

It is my further understanding of the law that if a party believes the act to be unconstitutional, he is not obligated to follow the administrative proceedings outlined in the unconstitutional act in seeking his remedy, but he may consider the act as totally unconstitutional and attack it directly in another proceeding, asking for injunctive relief or a declaratory judgment.

I again approve Judge Achor's dissenting opinion in which I concurred in *Alanel Corporation, etc.* v. *Indianapolis Redevelopment Commission et al.* (1958), 239 Ind. 35, 154 N. E. 2d

515. See also *McCoy et al.* v. *City of Evansville, etc. et al.* (1958), 239 Ind. 98, 154 N. E. 2d 804.

NOTE.—Reported in 213 N. E. 2d 807.