SUTTMILLER ET AL. *v.* CITY OF BATESVILLE, ETC.

[No. 30,973. Filed June 9, 1967. Rehearing denied September 18, 1967.]

*George Rose,* of Indianapolis, for appellants.

*Paul V. Wycoff,* of Batesville, *Harry T. Ice* and *James E. Hawes, Jr.,* both of Indianapolis, and *Ice Miller Donadio & Ryan,* of counsel, of Indianapolis, all for appellee.

HUNTER, C. J.—This is an appeal from the appointment of appraisers and the overruling of objections to a complaint in a condemnation action brought under the provisions of the Redevelopment of Cities and Towns Act of 1953, as amended.

The Redevelopment Act authorized the bringing of a condemnation action under the eminent domain statute of this state. Prior to the bringing of the condemnation action, the Department of Redevelopment for the City of Batesville, pursuant to the Redevelopment Act, gave notice and held a public hearing to declare certain areas blighted, and thereupon adopted a confirming resolution.

The main contention of the appellants is that they had the right in the condemnation action brought thereafter to raise the issue as to whether or not the area covered by the declaratory resolution was or was not "blighted." It is the appellee's contention that the appellants' opportunity to raise such an issue was at the hearing before the Redevelopment Commission fixed in the notice; if appellants as remonstrators, were dissatisfied thereafter, the statute provided a method of appeal. The appellee further contends that appellants having foregone this method of appeal can not collaterally attack the resolution in the eminent domain proceedings.

We feel the appellee's contentions are correct. The Redevelopment Act provides the method of appeal in Ind. Ann. Stat. § 48-8555 (1963) which in substance is as follows:

"Any person(s) who shall have filed a written remonstrance with the redevelopment commissioners as provided

in the foregoing section, who is aggrieved by the final action taken, may, within ten (10) days after such final action, file in the office of the clerk of the circuit or superior court a copy of the order of the commissioners and his remonstrance thereto, together with his bond conditioned to pay the costs of such appeal should the appeal be determined against him."

In an action to condemn the property based upon a declaratory resolution, which resolution was adopted following notice and hearing, it is too late to raise a factual question as to the existence of a "blighted area." The statute granted an appeal and a hearing on the finding of the resolution declaring the area "blighted," which finding the appellants seek in a later action to collaterally attack. By remonstrance and appeal within the procedural framework of the Act, any question may be raised, not merely those pertaining to the question of public utility and benefit, but also to the factual situation upon which the declaratory resolution presumes to be based, namely, was the area "blighted"? *Prunk* v. *Indpls. Redevelopment Comm.* (1950), 228 Ind. 579, 93 N. E. 2d 171.

In the absence of statutory provision for appeal or other direct review, we have held that the validity of an administrative action may be challenged by an equitable action of injunction or an action for a declaratory judgment. However, where there is a statutory means of review, it must be followed. A resort to an independent action will not be permitted. *Mann* v. *City of Terre Haute et al.* (1960), 240 Ind. 245, 163 N. E. 2d 577; *City of E. Chicago* v. *Sinclair Ref. Co.* (1953), 232 Ind. 295, 111 N .E. 2d 459.

In *Cemetery Co.* v. *Warren Sch. Twp. et al.* (1957), 236 Ind. 171, 139 N. E. 2d 538, it is true we stated that "at some place in the proceedings and by some method the landowner is entitled to contest the legality" of the proceedings and the authority to condemn or take the property. In the present case, however, the statute affords the remedy by appeal from the declaratory resolution of the Redevelopment Commission.

In this case it is shown that the Redevelopment Commission of the City of Batesville, after due notice, had jurisdiction over the subject matter and also had jurisdiction of the person of the appellant here when it adopted the declaratory resolution declaring the area "blighted." When jurisdiction over both the subject matter and the person exists and a statutory remedy of appeal exists and such appeal is not taken, as is the case here, the party is bound finally thereby.

For the reasons stated, the decision of the trial court is affirmed.

Mote, J., concurs.

Myers, J., In conference concurred in the result reached herein before his untimely loss to this Court.

Jackson, J., not participating.

Arterburn, J., concurs with statement.

### CONCURS WITH STATEMENT

ARTERBURN, J.—I concur in the opinion for the reason that no constitutional question is raised in this case with reference to the validity of the Redevelopment Act, and this opinion therefore does not conflict with the position I have taken in my dissent in *Sexton et al* v. *Dunlap, et al.* (1966), 247 Ind. 343, 213 N. E. 2d 807.

NOTE.—Reported in 226 N. E. 2d 893.