LOUIS FORTRIEDE, INCORPORATED ET AL. *v.* CITY OF
FORT WAYNE.

[No. 567S2. Filed April 26, 1968. Rehearing denied May 22, 1968.]

*Robert J. Parrish, J. Philip Burt* and *Jackson & Parrish,* of Fort Wayne, for appellants.

*Otto E. Grant, Jr., J. A. Bruggeman* and *Barrett, Barrett & McNagny,* of Fort Wayne, for appellee.

ARTERBURN, J.—This is an action brought by the City of Fort Wayne on behalf of the Department of Redevelopment to condemn certain real estate located in a blighted area. The proceedings were brought under the general Eminent Domain law, Burns' Ind. Stat. Anno., §§ 3-1701 *et seq.* [1946 Repl.]. The appellants filed objections to the eminent domain proceedings under Burns' Ind. Stat. Anno., § 3-1705 [1946 Repl.] which, in part, reads as follows:

"Any defendant may object to such proceedings on the ground that the court has no jurisdiction either of the subject-matter or of the person, or that the plaintiff has no right to exercise the power of eminent domain for the use sought, or for any other reason disclosed in the complaint or set up in such objections."

The appellees filed a demurrer to the objections of the appellants and the court sustained the demurrer thereto and overruled the objections and appointed appraisers, from which order this appeal is taken. The appellees make the contention that "appellants having failed to challenge the determination of blight or the validity of the project, cannot now do so in this proceeding." We have previously held that in the administrative hearing by the Redevelopment Commission the utility or the issue of blight in the area sought to be taken may be raised, as provided in the statute, and if

not raised, it is thereafter waived. *Suttmiller* v. *City of Batesville* (1967), 248 Ind. 391, 226 N. E. 2d 893.

The appellants answer the appellees by the statement that they are making no contention with reference to the issue of whether or not the area is blighted, but contend that they have a right in the condemnation proceeding, as provided in that statute, to question the jurisdiction of the court or the authority of the plaintiff to bring the action to take their property over defendant's opposition. Appellants rely upon the case of *The Cemetery Company* v. *Warren Sch. Twp. et al.* (1957), 236 Ind. 171, 139 N. E. 2d 538. A further discussion upon the procedure for raising issues in cases such as we have before us is found in *Derloshon* v. *City of Fort Wayne, Dept. of Redevelop.* (1968), 250 Ind. 163, 234 N. E. 2d 269. There we said, at 234 N. E. 2d, p. 273:

"At some place in the proceedings where private property is taken from private individuals by a governmental agency, a party whose property is being condemned ■ is entitled to raise the issue as to whether or not the proceedings are in good faith or a subterfuge used to convey private property to a private individual for private use. In other words, fraud vitiates all proceedings, it has been said, and every litigant is entitled to his day in court on the issue of whether or not he is a victim of capricious, arbitrary, governmental action. *Cemetery Company* v. *Warren Sch. Twp. et al.* (1957), 236 Ind. 171, 139 N. E. 2d 538.

"The general eminent domain statute, we feel, is sufficiently broad to permit the raising of such an issue. Burns' Ind. Stat. Anno., § 3-1705 [1946 Repl.] cited above, ■ we note, provides that any defendant may object to the bringing of an eminent domain proceeding to take his private property on the ground that the plaintiff has no right to exercise the power 'or for any other reason disclosed in the complaint or set up in such objections.' We know no reason for limiting the broad language of that statute. It is clear and plain to us, as we have previously stated, that there is a time and place for raising the issues raised in this case."

The appellants in this case have filed their objections pursuant to the statute. As previously stated, a demurrer has

been sustained to these objections, and the question before us is whether or not the objections filed are legally sufficient and valid objections, assuming the truth of the allegations therein for the purpose of testing the same by demurrer only. The objections filed by the appellants are numerous and somewhat repetitious. We therefore take the appellants' own summary of the substance of same from their brief:

"A.  The lands sought to be acquired are to be used for City-County Office Building.
  1. The Redevelopment Commission has no authority to acquire land for a City-County Office Building.
  2. The Board of Commissioners of the County of Allen has the authority to acquire, by eminent domain, land for a courthouse.
  3. The City of Fort Wayne has the authority to acquire, by eminent domain, land for a city hall.
  4. A City-County Building Authority is the agency specifically authorized by the legislature to acquire land for a city-county office building.
  5. An agency having the power of eminent domain cannot exercise its power to acquire land to be used by another agency which itself has the power of eminent domain.

"B.  These proceedings are arbitrary, capricious and a subterfuge."

In brief, it is the contention of the appellants that the Redevelopment Commission has no right to condemn appellants' land, which has been declared blighted, and dispose of it for a city hall, a county office building or a city-county office building in the City of Fort Wayne. The objections contain the allegation that the proceedings by the Commission are arbitrary, capricious and a subterfuge, but the only allegation of fact to support such conclusion is the contention that the property is to be used and conveyed to another public authority for a city-county building and therefore such allegations add nothing in the way of facts to support the objections filed.

We have before us not a question as to whether or not the property sought to be condemned is to be used for a private purpose, as contended in *Derloshon* v. *City of Fort Wayne, Dept. of Redevelop.* (1968), 250 Ind. 163, 234 N. E. 2d 269. The appellants argue, however, that the authority of the Redevelopment Commission is to be drawn from the following paragraph of the statute (Burns' Ind. Stat. Anno., § 48-8551 (3), [1963 Repl.]):

> "To sell, lease or grant portions of the real estate acquired for redevelopment purposes, or interests therein, to other departments of the city or town, or other governmental agencies, for street, boulevard, levee, sewerage, park, playground, school and other public purposes, on such terms and conditions and with or without compensation, as may be agreed upon:"

This section of the statute must be construed with other portions thereof. Burns' Ind. Stat. Anno., § 48-8567 [1963 Repl.] of the act in question provides in part: ". . . The provisions of the act shall be liberally construed to effectuate the purposes thereof." Section (b) Burns' Ind. Stat. Anno., § 48-8543 provides in part: ". . . The disposition of the real estate or other property acquired on such terms and conditions for such uses and purposes as will best serve the interests of the cities and towns to which this act is applicable and their citizens:" Burns' Ind. Stat. Ann., § 48-8551 [1963 Repl.] likewise provides in part: ". . . and to acquire such areas and cause the same to be replanned and disposed of so as to best promote the social and economic interests of the city or town and its inhabitants."

A reading of this act compels us to conclude that it was the purpose and intent of the legislature that property acquired could be disposed of for a public purpose. The provision in the section cited by the appellants provides that such property acquired may be disposed of "to other departments of city, town or other governmental agencies." The legislature has authorized cities, towns and counties to create a building authority for the purpose of constructing

and maintaining city-county buildings. Acts 1953, ch. 54, § 1, p. 163, being Burns' Ind. Stat. Anno., §§ 26-2501—2509 [1960 Repl.]. Certainly the city is a beneficiary of such cooperative action with the county, and it has a public purpose as distinguished from a private purpose. It is our judgment that the objective here stated is proper and legal.

The appellants contend that the rule of *ejusdem generis* is applicable in the case by reason of the wording in the statute: "for street, boulevard, levee, sewerage, park, playground, school and other public purposes," and that "other public purposes" adds nothing to the series of words enumerated. We had occasion to consider the application of this rule in *Woods* v. *State* (1957), 236 Ind. 423, 140 N. E. 2d 752. In that case we stated, at pp. 427-428 of 236 Ind. and at pp. 753-754 of 140 N. E. 2d:

> "The doctrine of *ejusdem generis* is a well-known principle of limitation which is used in interpretations to confine a general catchall phrase to a classification covered by the previous enumerations. [Cases cited]
> "The course of this doctrine in Indiana has not been smooth."

Thereafter a series of cases is cited with reference to various interpretations. We then stated:

> "We grant that the case here is a typical one for consideration of the doctrine of *ejusdem generis;* however, it is not one of *mandatory* application. In our opinion it is merely one of a number of helpful aids used in the various methods of reaching the meaning intended where vagueness and uncertainty are claimed to exist. As Professor Horack says, 'Fortunately, the maxim of *ejusdem generis* is not a compelling rule, and as frequently as it is applied it is ignored or rejected.' " (Our italics)

In the interpretation of the statute before us, as stated above, we feel that a strict application of that principle is not in conformity with the legislative intent, as revealed in the act.

Finally, it is urged by the appellants that they were not given a preliminary hearing on their objections and that the proceedings lacked due process because they were not given an opportunity to contest the appellee's legal action of condemnation. We point out that a demurrer was sustained to the objections filed, just as a demurrer is sustained to a complaint or an answer. There was no leave asked to amend, and from all the contentions made by the appellants, we conclude they wished to stand and did stand upon the allegations of their objections, and the court was entitled, upon the sustaining of a demurrer, to enter a judgment accordingly by overruling the objections filed. There was no issue of fact presented which was legally sufficient for the court to hear or for which there could have been any preliminary hearing.

The judgment is affirmed.

Lewis, C. J., and Mote and Hunter, JJ., concur.

Jackson, J., dissents with opinion.

### DISSENTING OPINION

JACKSON, J.—I am unable to concur in the majority opinion and dissent thereto.

I am unable to find in the language of the Redevelopment of Cities and Towns Act of 1953, Acts 1953, ch. 176, p. 603, being §§ 48-8541 *et seq.* Burns' 1963 Repl., the authority asserted in the case at bar, and as determined herein by the majority opinion. The 1953 Legislature, inter alia, passed two acts, one the act above referred to. The other act, Acts 1953, ch. 54, p. 163, being §§ 26-2501 *et seq.* Burns' 1960 Repl., provided for the creation of a City-County Building Authority, for the express purpose of "financing, acquiring, constructing, equipping, operating and leasing to governmental units within the territorial boundaries of the county, lands or buildings for public or governmental purposes."

The two acts passed at the same session of the legislature, are in pari materia and should be construed together and harmonized.

"The rules of construction and interpretation of acts in pari materia apply with singular force to acts passed at the same session of the Legislature. Laws passed at the same session of the Legislature relating to the same subject matter are in pari materia and should be construed together, especially when they are approved on the same day.

Statutes passed on the same day or at the same session, when related to the same subject, are presumed to be actuated by the same policy, and they are to be construed together as if parts of the same or general law. The court has the duty to so construe such statutes as to harmonize them, and to give force and effect to the provisions of each, if possible." 26 I.L.E. Statutes, § 131, p. 344, 345.

"Where the same session of the legislature adopted a general law regarding the condemnation of property by eminent domain [§ 3-1701 *et seq., supra*], and also adopted a special law with limited application upon the same subject [§ 48-2001 *et seq., supra*], we must assume that the legislature intended the special law to operate as an exception to the general law, as relating to actions of cities and towns." *Hagemann* v. *City of Mount Vernon* (1958), 238 Ind. 613, 623, 154 N. E. 2d 33, 38.

It necessarily follows from the rules above stated that it was the intent of the legislature that the power to acquire real estate for a city-county office building was expressly granted to a City-County Building Authority and purposely withheld from a Redevelopment Commission. Being a special law with limited application, the 1953 statute creating a city-county building authority must be deemed an exception to the Redevelopment of Cities and Towns Act of 1953, which is the general law.

I am of the opinion the court erred in sustaining appellee's demurrer to appellants' objections and that this cause should be reversed and remanded to the trial court with instructions to overrule appellee's demurrer, to vacate its order overruling appellants' objections and appointing appraisers.

Other questions properly saved and presented need not here be considered in view of the determination reached by this dissent.

NOTE.—Reported in 236 N. E. 2d 35.