**John D. WOODS, Appellant (Plaintiff Below),**

v.

**Mark W. THOMPSON, Individually and as Sheriff of Madison County, and the Board of Commissioners of Madison County, Indiana, Appellees (Defendants Below).**

No. 49A02–8804–CV–143.

Court of Appeals of Indiana, Second District.

June 19, 1989.

---

10. *See Hennings v. State* (1984) 3d Dist.Ind.App., 465 N.E.2d 1142, 1144, n. 1.

11. Judge Neal concurred in this opinion prior to his May 24, 1989, resignation from the Court.

John C. Ruckelshaus, David T. Hasbrook, Ruckelshaus, Roland, Hasbrook & O'Connor, Indianapolis, for appellant.

Michael D. Austin, Miller, Hulse, Lacey, Hardacre, Austin & Shine, Anderson, for appellee, Bd. of Comm'rs of Madison County, Ind.

Joseph Kilmer, Pendleton, for appellee, Mark W. Thompson.

SHIELDS, Presiding Judge.

John D. Woods appeals the dismissal of his amended complaint.

## ISSUE

The issue on appeal is whether the trial court erred in dismissing Woods' amended complaint.

We reverse.

## FACTS

Woods was a Madison County police officer on January 14, 1987, when the Madison County Sheriff's Merit Board conducted a hearing on two charges filed by Madison County Sheriff Mark W. Thompson. On January 22, 1987, the Merit Board entered "Findings of Facts, finding [Woods] not guilty of one charge and guilty of another charge, but issued no penalties against [Woods]." Record at 50. Sheriff Thompson dismissed Woods on January 26, 1987, based upon the Merit Board's findings. Woods filed a complaint in the Madison Circuit Court on February 11, 1987, naming Thompson and the Merit Board as defendants and seeking reinstatement, back pay, and other damages. After dismissal of that complaint on motion of the defendants, Woods filed an amended complaint on May 11, 1987, naming as defendants Thompson and the Board of Commissioners of Madison County. The trial court granted motions to dismiss filed by both defendants. The court dismissed the amended complaint as to Thompson because, pursuant to IC 36–8–10–11(e) (1988), he was "not a proper defendant in this cause of action and, consequently, plaintiff's complaint fails to state a claim upon which relief can be granted against this defendant." Record at 70. The amended complaint was dismissed as to the Commissioners because the amended complaint failed to set forth the particular nature of the charges against Woods and because it was not filed within thirty (30) days of the Merit Board's decision, both required by IC 36–8–10–11(e), and the relation back doctrine of Ind. Rules of Procedure, Trial Rule 15(C) did not apply. Woods appeals this judgment.

## DISCUSSION

### A.

In dismissing Woods' amended complaint for failure to comply with IC 36–8–10–11, the trial court considered it as a petition for judicial review. This characterization is incorrect. Woods' amended complaint challenges the termination of his employment by the Sheriff.

The essence of Woods' claim is that the action of the Sheriff in terminating him is wrongful because it does not comply with IC 36–8–10–11 in that his termination was not preceded by a decision of the Merit Board that "for cause" for termination existed. Further, because judicial review is provided only for the decision of the Merit Board, his only recourse is an action for wrongful termination. Implicitly he argues his complaint cannot be a petition for judicial review because there is not a decision subject to review.

Both sides agree that IC 36–8–10–11 governs disciplinary actions taken against non-probationary county police officers.

As under other statutes providing an administrative procedure for disciplining municipal employees,[1] the disciplinary authority must follow the statutory procedure to discipline a protected employee. *Wells v. Auberry* (1985), Ind.App., 476 N.E.2d 869, 873. If disciplined, the employee is entitled to a review of the administrative decision, and when a statutory procedure for review is provided, as in IC 36–8–10–11, it must be followed. *Suttmiller v. City of Batesville ex rel. Dep't of Redevelopment* (1967), 248 Ind. 391, 226 N.E.2d 893.

In his amended complaint Woods alleges that after the Merit Board entered findings on the two charges filed by Sheriff Thompson it "assessed no penalties against said plaintiff." Record at 50. He further alleges that Sheriff Thompson "does not have the authority under Indiana law to dismiss, as said authority only rests with the Madison County Sheriff's Merit Board," and therefore his dismissal "was illegal, unconstitutional and void." Record at 51. Woods requests reinstatement "retroactive to said date of the illegal termination with back pay, interest, and any other damages, both compensatory and punitive, that he may have suffered...." *Id.*

■ IC 36–8–10–11 provides the statutory procedures for disciplining non-probationary county police officers:

The sheriff may dismiss, demote, or temporarily suspend a county police officer *for cause* after preferring charges in writing and *after a fair public hearing before the board, which is reviewable in the circuit court.* A notice of the charges and hearing must be delivered by certified mail to the officer to be disciplined. The officer may be represented by counsel. The board shall make specific findings of fact in writing to support its decision.

IC 36–8–10–11(a) (emphasis added).

The issue is what entity makes the "for cause" and disciplinary determination. Woods argues the determinations must be made by the Merit Board. The Sheriff and Commissioners argue the "for cause" and disciplinary determinations are made by the Sheriff; that the Merit Board's function is that of a fact finder and its "decision" is the determination of the factual basis of the Sheriff's charge against a county police officer.

We reject the Sheriff and Merit Board's analysis of the statute and agree with Woods's position because acceptance of the Sheriff and Board's position would preclude judicial review of the Sheriff's "for cause" determination within the framework of IC 36–8–10–11.

In order to afford an officer with judicial review of his discipline, the officer must be able to attack both the merit of the "for cause" determination and the reasonableness of the discipline in light of the offending conduct. If the Merit Board's function is limited to that of a fact finder, and the Sheriff makes the "for cause" and disciplinary determination, IC 36–8–10–11 fails to provide a disciplined officer with judicial review of the "for cause" and discipline determinations because the statute provides only for judicial review of the Merit Board's decision, not the Sheriff's. IC 36–8–10–11(e) states that the petition for judicial review must contain "the general nature of the charges against the officer, the *decision of the board,* and a demand for the relief asserted by the officer." Subsection (f) states "[t]he court shall review the record and *decision of the board* on appeal." Subsection (g) instructs the court to affirm, reverse, or modify "the *decision of the board* appealed from...." (Emphases added.)

---

1. IC 36–8–3–4 (1988), IC 36–8–3.5–17 (1988), IC 36–8–3.5–19 (1988).

■ Therefore, in order to provide the constitutionally required judicial review of the "for cause" and discipline determinations within IC 36–8–10–11, the Merit Board's IC 36–8–10–11 "decision" must include a determination that "for cause" exists for the particular disciplinary action, whether it be dismissal, demotion and/or suspension. Therefore, we hold that before an officer can be dismissed, demoted or suspended the Merit Board must determine: 1) the factual basis, if any, of the charge against the officer and, if a factual basis exists, 2) the discipline for which that conduct constitutes "for cause."[2] If a "for cause" determination is made, the Merit Board decision also shall include an order to the Sheriff to impose discipline within the alternatives which the Merit Board determines falls within the "for cause" determination. The Sheriff's discretion, then, is to impose the particular discipline the Sheriff determines is appropriate within the alternatives determined by the Merit Board.

■ Here, Woods's amended complaint alleges his dismissal by the Sheriff is contrary to IC 36–8–10–11 because the Merit Board failed to make a "for cause" determination with reference to any discipline. For purposes of a motion to dismiss, that scenerio must be accepted as true. Because failure to comply with that statutory procedure would render Woods's dismissal unlawful, he has stated a claim. Therefore, the trial court erred in sustaining the motion to dismiss the amended complaint. In this particular instance, the amended complaint was inappropriately dismissed as to both the Commissioners and Sheriff

Thompson. The Commissioners are proper defendants according to IC 36–8–10–11; Thompson is a proper defendant because, according to Woods's amended complaint, Thompson improperly dismissed him without cause and Woods, in part, seeks a judgment that orders Thompson to reinstate him.

This cause is reversed and remanded for further proceedings.

MILLER and SULLIVAN, JJ., concur.

---

2. An interpretation of IC 36–8–10–11 that requires a "for cause" determination be included in a Merit Board's decision is consistent with this court's prior decisions. For example, in *Pope v. Marion County Sheriff's Merit Board* (1973), 157 Ind.App. 636, 301 N.E.2d 386; 391, this court stated:

> The trial court does examine the cause for disciplinary action which must have a reasonable relation to a policeman's fitness or capacity to hold his position. If there is no reasonable relationship, the order of the Merit Board is arbitrary and capricious as a matter of law and must be voided by the trial court. [Citations omitted.]

In *Hardesty v. Bolerjack* (1982), Ind.App., 440 N.E.2d 490, the Merit Board's decision including a finding that a deputy committed violations charged by the Sheriff and, in so doing, violated rules and regulations of the Merit Board. The Board further found the deputy should be discharged as a result of the conduct. The order and judgment of the Merit Board was that the Sheriff " 'is hereby authorized and directed to discharge [the deputy] and to forfeit all of his pay and allowances, forthwith.' " *Id.* at 493. In affirming the decision of the trial court which affirmed the decision of the Merit Board, this court held "the action taken by the Board was within both its discretion and power...." *Id.* at 494.