LAKE COUNTY SHERIFF'S CORRECTIONS MERIT BOARD, sued as "Merit Board", Appellant–Defendant,

v.

Richard PERON, John Smith, and Timothy Hogan, Appellees–Plaintiffs,

and

John Buncich, Sheriff, Appellee–Defendant.

No. 45A04–0106–CV–249.

Court of Appeals of Indiana.

Oct. 17, 2001.

Ronald Ostojic, Ostojic & Ostojic, Portage, IN, Attorney for Appellant.

## OPINION

VAIDIK, Judge.

### Case Summary

The Lake County Sheriff's Corrections Merit Board (the Board) challenges the trial court's order granting a preliminary injunction staying the Board from conduct-

ing a disciplinary hearing until discovery could be conducted between the parties. Specifically, the Board argues that the trial court lacked the subject matter jurisdiction to intervene in the administrative proceedings. Because the record indicates that Corrections Sergeants Richard Peron, John Smith, and Timothy Hogan failed to exhaust their administrative remedies before they sought judicial intervention, we reverse.

## Facts and Procedural History

On May 25, 2001, Lake County Sheriff John Buncich filed disciplinary charges with the Board against Corrections Sergeants Peron, Smith, and Hogan. The charges alleged that the three corrections sergeants had left the jail without the consent of their supervisor, falsified the weekly time sheets and daily jail log books, were absent without authorized leave, and reflected discredit on themselves and the Corrections Division by committing this conduct. On May 29, 2001, notice was filed that the Board had set a disciplinary hearing on these charges for May 31.

On May 30, 2001, Peron, Smith, and Hogan filed a Motion for a Preliminary Injunction with the Lake County Superior Court asking the court to enjoin the Board from conducting a hearing until they were able to complete their discovery. On May 30, the trial court held a hearing on the preliminary injunction. After concluding that it had jurisdiction over the matter, the court found that the corrections sergeants did not have an adequate remedy at law and that they would suffer irreparable harm if the injunction was not granted. The court granted the preliminary injunction and stayed the Board "from conducting [its] disciplinary hearing of the Plaintiffs for a period not to exceed 45 days from the date of [the] order so that discovery can be conducted between the parties." Appellant's App. P.3. This appeal then ensued.

## Discussion and Decision

### I. Mootness

■ As a preliminary matter, we address Peron's motion to dismiss this appeal because the matter for consideration is now moot. Peron asserts that the Preliminary Injunction issued by the trial court expired after 45 days on July 16, 2001. Peron also declares that on July 17, 2001, the Board issued an additional continuance for a period including August 27, 2001. Peron contends that because the preliminary injunction is no longer in effect and the Board followed the injunction with another continuance, this court lacks jurisdiction over the case because no live controversy exists.

■ An appeal is moot when it is no longer live and the parties lack a legally cognizable interest in the outcome or when no effective relief can be rendered to the parties. *Indiana High School Athletic Ass'n, Inc. v. Durham*, 748 N.E.2d 404, 410 (Ind.Ct.App.2001). However, we may review issues under a public interest exception when the case involves questions of great public importance. *City of Huntingburg v. Phoenix Natural Res., Inc.*, 625 N.E.2d 472, 474 (Ind.Ct.App.1993). The public interest exception usually is recognized in cases that contain issues likely to recur. *Id.* The issue presented on appeal of whether the trial court has subject matter jurisdiction to intervene before an administrative hearing is held in order to provide more time for discovery is an issue likely to be repeated between different parties and should be addressed as a matter of public policy. Therefore, even though this issue is moot, we review it under the public interest exception because it has an effect on how administrative procedure operates in Indiana and it is an issue that is likely to recur.

## II. Subject Matter Jurisdiction

 The Board asserts that the trial court did not have subject matter jurisdiction to intervene in the administrative proceeding because Peron, Smith, and Hogan failed to exhaust their administrative remedies.[1] We agree.

 Under Indiana law, a claimant with an available administrative remedy must pursue that remedy before being allowed access to the courts. *Turner v. City of Evansville*, 740 N.E.2d 860, 861 (Ind. 2001). If a party fails to exhaust administrative remedies, the trial court lacks subject matter jurisdiction. *Id.* at 861–62. By requiring a party to first pursue all available administrative remedies before allowing access to the courts, premature litigation may be avoided, an adequate record for judicial review may be compiled, and agencies retain the opportunity and autonomy to correct their own errors. *Id.* at 862. In this case, Peron, Smith, and Hogan asked the court to enjoin the Board from conducting a hearing before they petitioned the Board for a continuance to conduct discovery or made an objection to the Board about any deficiencies in the notice of the hearing date. By seeking judicial intervention at the outset of the Board process, they did not even attempt to pursue their administrative remedies, let alone exhaust them.

 Sheriff's department merit board proceedings are not governed by the Administrative Orders and Procedures Act (AOPA) because the board is a political subdivision and is therefore not an "agency" within the contemplation of the Act. Ind.Code § 4–21.5–1–3; *see City of Indianapolis v. Woods*, 703 N.E.2d 1087, 1092 n. 5 (Ind.Ct.App.1998), *trans. denied.* Instead, Indiana Code § 36–8–10–11 governs the administrative process for disciplinary actions taken against non-probationary county police officers. *Woods v. Thompson*, 539 N.E.2d 976, 978 (Ind.Ct.App. 1989). Indiana Code § 36–8–10–11(a) provides in pertinent part that: "Written notice of the charges and hearing must be delivered by certified mail to the officer to be disciplined at least fourteen (14) days before the date set for the hearing." In this case, notice of the hearing date was filed only two days before the hearing was scheduled. While this notice does appear to be inadequate, Peron, Smith, and Hogan should have pursued the available administrative remedy before seeking judicial intervention.

Before making any request to the Board, the three correctional sergeants abandoned the administrative forum and pursued judicial intervention. Had the Board been given the opportunity to rule on the issue and eventually render a decision, Peron, Smith, and Hogan could then have appealed to the court under Indiana Code § 36–8–10–11(e). By finding that it had subject matter jurisdiction and granting the injunction, the trial court preempted the administrative process before a hearing could even be held. Such preemption deprives administrative bodies of the opportunity and autonomy to correct their

---

1. We note that Peron, Smith, and Hogan all failed to file an appellate brief. When an appellee fails to file a brief on appeal in accordance with our rules, we may reverse the trial court's decision if the appellant makes a *prima facie* showing of reversible error. *Park Jefferson Apartments v. Storage Rentals*, 738 N.E.2d 685, 687–88 (Ind.Ct.App. 2000). "This rule is not for the benefit of the appellant. It was established for the protection of the court so that the court might be relieved of the burden of controverting the arguments advanced for a reversal where such a burden rests with the appellee." *Kokomo Ctr. Township Consol. Sch. Corp. v. McQueary*, 682 N.E.2d 1305, 1307 (Ind.Ct. App.1997). "*Prima facie* error is error appearing at first sight, on first appearance, or on the face of the argument." *Id.*

own errors at the very beginning of the administrative process.

Although the Board raises additional arguments in its appeal, we find that the issue of subject matter jurisdiction is dispositive and do not address the Board's other arguments. Peron, Smith, and Hogan were required to bring their complaints to the Board and pursue the proper administrative remedies before they sought court action; however, they failed to take any action in the administrative process before they sought judicial intervention. Therefore, we find that the trial court lacked subject matter jurisdiction to issue the preliminary injunction.

Judgment reversed.

DARDEN, J., and MATHIAS, J., concur.