## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Sep 18 2019, 8:33 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Kevin C. Smith
Kristen D. Hill
Smith Sersic
Munster, Indiana

Angela M. Jones
Law Offices of Angela M. Jones
Munster, Indiana

ATTORNEY FOR APPELLEE

Christopher Cooper
Law Office of Christopher Cooper, Inc.
Griffith, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Lake County, Indiana,

*Appellant-Defendant,*

v.

Guy Mikulich,

*Appellee-Plaintiff.*

September 18, 2019

Court of Appeals Case No.
19A-PL-420

Appeal from the Lake Superior Court

The Honorable John M. Sedia, Judge

Trial Court Cause No.
45D01-1803-PL-32

**Bradford, Judge.**

# Case Summary

[1]   In May of 2017, Guy Mikulich filed a disability-retirement-benefit application with the Lake County Sheriff's Merit Board ("Merit Board"). In January of 2018, the Merit Board denied Mikulich's application, causing Mikulich to file a complaint seeking administrative review. In August of 2018, Lake County ("the County") moved to dismiss Mikulich's complaint pursuant to Indiana Trial Rules 12(B)(1) and 12(B)(6) ("Rule 12 Motion"). In November of 2018, the trial court denied the County's motion and remanded the matter to the Merit Board for a full evidentiary hearing. The County contends that the trial court erred by (1) remanding the matter to the Merit Board as part of its order denying the County's Rule 12 Motion and (2) failing to dismiss Count IV of Mikulich's complaint. Because we agree, we affirm in part, reverse in part, and remand for further proceedings consistent with this memorandum decision.

# Facts and Procedural History

[2]   On May 27, 2017, Mikulich, a former Lake County Sheriff's Department police officer, filed his third disability-retirement-benefit application with the Merit Board. During its July 20, 2017, public meeting, the Merit Board reviewed Mikulich's application and directed the application to the Pension Committee for its review and recommendation. At its January 18, 2018, public meeting, the Merit Board adopted the Pension Committee's recommendation and denied Mikulich's application.

On January 30, 2018, Mikulich filed for administrative review of the Merit Board's denial of his disability application. On August 6, 2018, the County filed a Rule 12 Motion. On November 14, 2018, the trial court held a hearing on the County's motion. On November 15, 2018, the trial court denied the County's motion and remanded the matter to the Merit Board, ordering the Merit Board to conduct a full evidentiary hearing on Mikulich's disability application. On December 14, 2018, the County filed its answer to Mikulich's complaint, a motion to correct error, and a motion to stay enforcement of the trial court's order. On January 24, 2019, the trial court denied the County's motion to correct error but granted its motion to stay.

## Discussion and Decision

The County contends that the trial court erred by (1) ordering that the matter be remanded to the Merit Board before allowing the County an opportunity to file an answer to Mikulich's complaint pursuant to Trial Rule 6(C), and (2) failing to dismiss Count IV of Mikulich's complaint. Indiana Trial Rule 12(B)(1) is a motion to dismiss for "[l]ack of jurisdiction over the subject matter[.]"

> The standard of review for Trial Rule 12(B)(1) motions to dismiss is a function of what occurred in the trial court. If the facts before the trial court are not in dispute, then the question of subject matter jurisdiction is purely one of law. Under those circumstances no deference is afforded the trial court's conclusion because appellate courts independently, and without the slightest deference to trial court determinations, evaluate those issues they deem to be questions of law. Thus, we review de novo a trial court's ruling on a motion to dismiss under Trial

Rule 12(B)(1) where the relevant facts before the trial court are undisputed.

*Bellows v. Bd. of Comm'rs of Cty. of Elkhart*, 926 N.E.2d 96, 111 (Ind. Ct. App. 2010) (internal citations and quotations omitted). Indiana Trial Rule 12(B)(6) is a motion to dismiss for "[f]ailure to state a claim upon which relief can be granted[.]"

> A motion to dismiss for failure to state a claim tests the legal sufficiency of the claim, not the facts supporting it. When ruling on a motion to dismiss, the court must view the pleadings in the light most favorable to the nonmoving party, with every reasonable inference construed in the non-movant's favor. We review a trial court's grant or denial of a Trial Rule 12(B)(6) motion *de novo*. We will not affirm such a dismissal unless it is apparent that the facts alleged in the challenged pleading are incapable of supporting relief under any set of circumstances.

*Thornton v. State*, 43 N.E.3d 585, 587 (Ind. 2015) (internal citations and quotations omitted).

# I. Trial Rule 6(C)

[5] The County contends that the trial court erred by ordering that this matter be remanded to the Merit Board when it denied the County's motion to dismiss. Indiana Trial Rule 6(C) provides that

> **(C) Service of Pleadings and Rule 12 Motions.** A responsive pleading required under these rules, shall be served within twenty [20] days after service of the prior pleading. Unless the court specifies otherwise, a reply shall be served within twenty [20] days after entry of an order requiring it. The service of a motion

permitted under Rule 12 alters the time for service of responsive pleadings as follows, unless a different time is fixed by the court:

(1) if the court does not grant the motion, the responsive pleading shall be served in ten [10] days after notice of the court's action[.]

Here, the trial court denied the County's Rule 12 motion to dismiss; however, it also granted Mikulich a remedy by remanding the matter to the Merit Board for a full evidentiary hearing. Said remedy was not at issue in the County's Rule 12 motion but, rather, a prayer for relief sought by Mikulich in his complaint, a complaint to which the County had the right to file a responsive pleading after the trial court denied its Rule 12 Motion. We conclude that the trial court was required to allow the County to file a responsive pleading to Mikulich's complaint and consider it before determining whether a remedy was appropriate. Therefore, the trial court's order remanding this matter to the Merit Board was erroneous.

## II. Exhaustion of Administrative Remedies

The County contends that the trial court erroneously denied its Rule 12 Motion regarding Count IV of Mikulich's complaint. Count IV of Mikulich's complaint alleges that he was denied due process as a result of Justin Murphy's service as the Merit Board's attorney in the appellate proceedings regarding the denial of Mikulich's first application and the current proceedings regarding Mikulich's third application, both of which were occurring simultaneously. Specifically, the County argues that because Mikulich failed to raise this issue before the Merit Board, he failed to exhaust the administrative remedies available to him.

[8] Indiana law requires a claimant with an administrative remedy available to pursue that remedy before being allowed access to the courts. *Lake Cty. Sherriff's Merit Bd. v. Peron*, 756 N.E.2d 1025, 1028 (Ind. Ct. App. 2001). If a party fails to exhaust available administrative remedies, the trial court lacks jurisdiction over the subject matter. *Id.* "By requiring a party to first pursue all available administrative remedies before allowing access to the courts, premature litigation may be avoided, an adequate record for judicial review may be compiled, and agencies retain the opportunity and autonomy to correct their own errors." *Id.* A review of the record in this matter demonstrates that Mikulich failed to raise his concern with Murphy's representation before the Merit Board. Because Mikulich failed to exhaust the administrative remedies available to him, we conclude that the trial court lacked subject matter jurisdiction over Count IV of Mikulich's complaint and erroneously denied the County's motion to dismiss said count.

[9] The judgment of the trial court is affirmed in part, reversed in part, and remanded for further proceedings consistent with this memorandum decision.

Vaidik, C.J., and Riley, J., concur.