**Dr. Bernard WAGNER, as Superintendent of New Castle State Hospital, Department of Mental Health, State of Indiana, Appellants (Petitioners Below),**

v.

**Rex KENDALL, Jack Thurman, Jack V. Squires, Appellees (Respondents Below).**

No. 1–580A132.

Court of Appeals of Indiana.

Dec. 10, 1980.

Theodore L. Sendak, Atty. Gen., Frank A. Baldwin, Deputy Atty. Gen., Indianapolis, for appellants.

Charles S. Brown, Jr., Brown & Brown, New Castle, for appellees.

ROBERTSON, Presiding Judge.

We are presented with the novel question of whether an arbitration award arising out of a dispute between the State and one of its employees is judicially reviewed under the procedures of the Administrative Adjudication Act (AAA) or under the procedures found in the Uniform Arbitration Act (UAA).

The facts, briefly stated, are that three employees of the New Castle State Hospital filed grievances concerning the failure by the Hospital to control an allegedly dangerous mental patient with the result of danger to the employees. The grievance procedure for these State employees is controlled by statute and consists of several administrative steps if settlement is not reached at any level. If the employee is not satisfied with the last step before the State Employees Appeal Board, he "may elect to submit the complaint to arbitration" and "the arbitrator's findings and recommendations shall be binding on both parties and shall immediately be instituted by the Commission." Ind. Code 4–15–2–35.

Apparently, the employees here went through all the stages preceding arbitration and having obtained an adverse decision, elected to submit the case to arbitration. Such arbitration was had and the arbitrator gave a favorable award to the employees, including alternative methods of protecting employees from the dangerous patient.

The State filed a petition in the Henry Circuit Court to vacate the arbitrator's award on the ground that the arbitrator exceeded his authority as granted in IC 4–15–2–35. The employees filed a motion to dismiss, which was granted by the trial

court on the ground that the method of reviewing an arbitrator's decision under IC 4–15–2–35, if at all, is under the Administrative Adjudication Act and that the State did not follow these procedures.

We disagree and reverse.

We first examine the AAA. The Act states in its definitional section (IC 4–22–1–2), " 'Administrative Adjudication' means the administrative investigation, hearing and determination of any agency of issues or cases applicable to the particular person . . . ."

■ The first issue is whether a delegation to an arbitrator of an *unresolved* administrative adjudication and the resultant arbitrator's determination is still an "administrative adjudication." [1]

We determine that, although the final resolution may be delegated to an arbitrator, the process is still in the nature of an administrative adjudication. There is no question that all administrative steps up to arbitration are reviewable under the AAA. *See, e. g., Fromuth v. State ex rel. Indiana State Employees' Ass'n.,* (1977) Ind.App., 367 N.E.2d 29. The very term "delegation" implies that the power flows from, and in a sense is still retained by, the administrative body responsible for determining this grievance. It is the administrative body which must carry out the arbitration award under the statute. Thus, upon first examination, the AAA would seem to apply.

■ We turn, however, to an examination of the Uniform Arbitration Act. We have found very little authority on the issue of whether the arbitration contemplated in IC 4–15–2–35 is guided by the procedures of the UAA. We first note that the Act itself expressly includes "arbitration agreement between employers and employees." IC 34–4–2–1. State employees are not specifically excluded.

An Illinois Appellate decision, *Board of Education, South Stickney School District III, Cook County v. Johnson,* (1974) 21 Ill. App.3d 482, 492, 315 N.E.2d 634, 642, after determining that the resolution of grievances between public employees and the State or a political subdivision thereof by arbitration is not an illegal delegation of the duties of an administrative body responsible for the resolution, stated:

Further, we see no reason why the dictates of the Illinois Arbitration Act . . . should not apply and govern the resolution of minor disputes. In this way, although the initial determination is left to the arbitrator, the court retains the power to vacate an arbitrator's award under Section 12(e) of the Act if the issue is one that is not arbitrable or if the arbitrator has exceeded his power. *See Champaign Ed. Ass'n, supra,* where it was stated:

'Where there is an agreement to arbitrate and its scope is reasonably in doubt, the issue of arbitrability should be initially determined by the arbitrators, subject to the protective restrictions of Section 12 of the Act—under which the court may vacate an award under the varying conditions therein specified.'

*See also: Maine School Administrative Dist. # 5 v. M.S.A.D. # 5 Teachers Ass'n.,* (1974) Me., 324 A.2d 308.

■ We also see no reason why not to apply the procedures of the Uniform Arbitration Act to arbitration under IC 4–15–2–35. However, we note that the Uniform Arbitration Act contains a section providing for judicial review from an arbitration award. *See* IC 34–4–2–19 and IC 34–4–2–13. We must, therefore, conclude that potentially the judicial review statutes of both the Uniform Arbitration Act and the Administrative Adjudication Act apply to this case and we are faced with the problem of which prevails. In a case such as this,

---

1. The parties do not enlighten us as to the effect of what appears to be a subdelegation of power by the legislature to a private individual. The statute provides for delegation of power to settle grievances to various administrative groups and then further delegates its authority to an independent arbitrator. The possibility of an unlawful delegation of power is not raised by either party, and therefore, we will not examine it.

where the statutes cannot be harmonized or reconciled, it is a general principle of statutory construction that the more specific or detailed statute should prevail. *County Council of Bartholomew County v. Department of Public Welfare of Bartholomew County*, (1980) Ind.App., 400 N.E.2d 1187, 1190. The Uniform Arbitration Act statute obviously is the more specific statute.

 In this case we further discern a policy reason for application of the judicial review statute of the Uniform Arbitration Act. It has been said:

> The purpose of the Uniform Arbitration Act is to afford the opportunity to reach a final disposition of differences between parties in an easier, more expeditious manner than by litigation.

*MSP Collaborative Developers v. Fidelity and Deposit Company of Maryland*, 596 F.2d 247, 250 (7th Cir. 1979).

Thus, judicial review of arbitration is strictly limited as found in the Uniform Arbitration Act, IC 34–4–2–13.[2] We note that the judicial review provided in the Administrative Adjudication Act is much more broad. *See* IC 4–22–1–18.

Although there is a countervailing policy of extending the Administrative Adjudication Act to provide the protection of due process to agency determinations, we think the Uniform Arbitration Act provides this due process protection as well and in a manner such as to fulfill the policy that led

to the selection of arbitration for conflict resolution in this case.[3]

We, therefore, reverse and remand.

YOUNG, P. J., and NEAL, J., concur.

---

2. The grounds for vacating an award under IC 34-4-2-13(a) are:

 (1) The award was procured by corruption or fraud; (2) there was evident partiality by an arbitrator appointed as a neutral or corruption in any of the arbitrators or misconduct prejudicing the rights of any party; (3) the arbitrators exceeding [exceeded] their powers and the award cannot be corrected without affecting the merits of the decision upon the controversy submitted; (4) the arbitrators refused to postpone the hearing upon sufficient cause being shown therefor or refused to hear evidence material to the controversy or otherwise so conducted the hearing, contrary to the provisions of section 6 [34–4–2 -6] of this act, as to prejudice substantially the rights of a party; or (5) there was no

arbitration agreement and the issue was not adversely determined in proceedings under section 3 [34–4–2–3] and the party did not participate in the arbitration hearing without raising the objection; but the fact that the relief was such that it could not or would not be granted by a court of law or equity is not ground for vacating or refusing to confirm the award.

3. Question has been raised regarding the failure to make a record for judicial review in this case. We refer the State to IC 34–4–2–6 which states in relevant part, "any party may require that the hearing be recorded in a manner sufficient for appeal." We leave it to the trial court upon remand to determine the effect of the apparent failure of the State to so request.