Edith WARRAM, on her own behalf and on behalf of all others similarly situated, Plaintiff-Appellant,

v.

Wayne A. STANTON, individually and in his capacity as Administrator of the Indiana Department of Public Welfare; Elizabeth Samkowski, individually and in her capacity as Director of the Marion County Department of Public Welfare; The Indiana Department of Public Welfare; and The Marion County Department of Public Welfare, Defendants-Appellees.

No. 1-580A138.

Court of Appeals of Indiana,
First District.

Jan. 27, 1981.

Peter L. Cassady, and William E. Marple, Legal Services Organization of Indiana, Inc., Indianapolis, for appellant.

Theodore L. Sendak, Atty. Gen., Gary R. Brock, Deputy Atty. Gen., Indianapolis, for appellees.

NEAL, Presiding Judge.

## STATEMENT OF THE CASE

Edith Warram appeals the judgment entered against her in her class action in which she challenged the validity of certain Indiana regulations relative to the determination of eligibility for Medicaid benefits and sought injunctive and declaratory relief.

## STATEMENT OF THE FACTS

On August 13, 1975, Warram, 56, applied for Medicaid benefits as a disabled person with the Marion County Department of Public Welfare. Her application was denied for the reason that it was determined she had transferred property in order to defeat the State's right to make recovery, in violation of a provision of the transfer of property regulations. *See* 470 IAC § 9-2-2(40)(1979). Warram received an administrative hearing to review the County Department's action and therein the hearing officer upheld the determination of her in-

eligibility. She appealed to the State Department of Public Welfare, which reached a final decision adverse to her on April 21, 1976. Notice of the decision was imparted to Warram by letter dated May 10, 1976.

On April 1, 1977, Warram filed a class action complaint in four counts in the Marion Superior Court. The first count sought judicial review of the final agency determination denying Warram's Medicaid application. The remaining counts challenged the validity of the regulations under which Warram was declared to be ineligible for Medicaid benefits, and sought injunctive and declaratory relief. The cause was venued to the Hancock Circuit Court.

The trial court dismissed the first count because it was not timely filed in accordance with the procedures for judicial review of final agency decisions mandated by Ind. Code 4–22–1–14 of the Administrative Adjudication Act (AAA), Ind.Code 4–22–1–1 through 4–22–1–30. Following a trial to the court, judgment was entered against Warram and the class on the remaining counts.

## ISSUE

On appeal, Warram raises three issues for consideration. Two issues question the validity of certain regulations as being unauthorized by Indiana statute, contrary to the Supremacy Clause of the United States Constitution, and violative of the Due Process Clause of the Fourteenth Amendment to that Constitution. Her third issue alleges trial court error in defining the class of persons Warram purportedly represents.

Because we determine the trial court should have dismissed the entire complaint, we do not address the merits of Warram's contentions, but confine our discussion to the issue underlying our determination, to-wit:

> Whether a party who has lost her right to secure judicial review of a final agency decision adverse to her may maintain an independent class action challenging the validity of the regulations determinative of her administrative action, and seeking injunctive and declaratory relief.

In its appellee brief, and below in its motion to dismiss, the State argues that the trial court lacked jurisdiction of the subject matter of this cause due to the failure of Warram to timely petition for judicial review. The State contends that the 15–day time limitation is jurisdictional, and Warram's failure to petition within that period not only divested the court of jurisdiction to review Warram's administrative decision but the collateral issues as well.

## DISCUSSION AND DECISION

The trial court properly dismissed Count I of Warram's complaint, in which she sought judicial review of the administrative decision, as not being timely filed under Ind. Code 4–22–1–14. That section prescribes the procedure for securing judicial review of a final agency determination, and requires that a person or party aggrieved thereby file a verified petition for judicial review within 15 days after receiving notice of the decision. The section states in part that, "Unless a proceeding for review is commenced by so filing such petition within fifteen (15) days any and all rights of judicial review and all rights of recourse to the courts shall terminate."

Although Warram states in her appellant brief that she does not appeal the dismissal of her first count, she argues in her reply brief, responding to the jurisdictional question raised by the State, that the review procedure of the AAA is not applicable to the decision of the Department of Public Welfare finding her ineligible for Medicaid benefits. She bases this argument on the fact that a "determination of eligibility and need for public assistance under the welfare laws" is excluded from the AAA's definition of "administrative adjudication." Ind. Code 4–22–1–2.

This contention was rejected in *Zehner v. Indiana State Alcoholic Beverage Commission*, (1977) Ind.App., 364 N.E.2d 1037. In that case, the Second District of this court considered whether the 15–day limitation of the AAA is applicable to a procedure initiated for judicial review of an Alcoholic Bev-

erage Commission (ABC) final decision granting a package liquor store permit. As in the case at bar, the underlying agency activity culminating in the final decision sought to be reviewed was excluded from the AAA's definition of "administrative adjudication."[1] The appellant had petitioned for a judicial review of the agency action 28 days after receiving notice of the adverse decision, and the trial court dismissed the petition. The court affirmed the dismissal. Whereas the proceeding sought to be reviewed was not an "administrative adjudication" under the AAA, the ABC was not specifically excluded from the "agency" definition of the AAA. Ind.Code 4–22–1–2. Since Ind.Code 4–22–1–14 controls the procedure for initiating judicial review of "an order or determination made by any such agency," the 15–day limitation was found to apply.

■ The AAA is bifurcated. The first part of the Act (Ind.Code 4–22–1–3 through 4–22–1–13) covers administrative procedures before an agency. The second part (Ind.Code 4–22–1–14 through 4–22–1–19) delineates the procedure for judicial review of administrative orders, decisions, or determinations not clearly and unambiguously excepted therefrom. *See also, State ex rel. Calument National Bank of Hammond v. McCord*, (1963) 243 Ind. 626, 189 N.E.2d 583; *Indiana Department of Public Welfare v. Anderson*, (1976) Ind.App., 357 N.E.2d 267. We therefore hold that the procedure for securing judicial review of an administrative determination of eligibility and need for public assistance under the welfare laws must be in accordance with the review procedures of the AAA.

■ Compliance with statutory requirements in an action for judicial review of an administrative determination is a condition precedent to the exercise of review jurisdiction by a trial court. Failure to comply with the statutory mandate is jurisdictional. *Indiana Civil Rights Commission v. International Union, United Automobile, Aerospace and Agricultural Implement Workers of America, UAW*, (1979) Ind.App., 385 N.E.2d 1176. Thus, the trial court was without jurisdiction to review the administrative decision adverse to Warram.

Warram contends for the first time in her reply brief the record does not reflect the notice given her of the final agency decision was made by registered or certified mail, as required by Ind.Code 4–22–1–6. She maintains that the State has the burden of demonstrating compliance with the notice requirement since the State seeks the "benefits" of the 15–day limitation, but fails to cite any authority for this proposition as is required by Ind. Rules of Procedure, Appellate Rule 8.3(A)(7). Interestingly, Warram did not raise this contention in opposing the State's motion to dismiss wherein the State raised the same argument it urges on appeal.

We now consider whether Warram, whose right to secure judicial review of the administrative decision adverse to her was foreclosed by her failure to timely petition therefor, may now bring a class action for injunctive and declaratory relief challenging the validity of the regulations that were determinative of her unsuccessful administrative claim. For the reasons which follow, we hold that she may not.

In *Suttmiller v. City of Batesville*, (1967) 248 Ind. 391, 226 N.E.2d 893, our Supreme Court stated at 248 Ind. 393, 226 N.E.2d 893,

> "In the absence of statutory provision for appeal or other direct review, we have held that the validity of an administrative action may be challenged by an equitable action of injunction or an action for a declaratory judgment. However, where there is a statutory means of review, it must be followed. A resort to an independent action will not be permitted. *Mann v. City of Terre Haute et al.* (1960), 240 Ind. 245, 163 N.E.2d 577; *City of E. Chicago v. Sinclair Ref. Co.* (1953), 232 Ind. 295, 111 N.E.2d 459."

---

1. Excluded from the definition of "administrative adjudication" are "determinations by the Indiana alcoholic beverage commission other than determinations to which this act is specifically made applicable by any other law[.]" Ind.Code 4–22–1–2.

Earlier, in *Public Service Commission v. City of Indianapolis*, (1956) 235 Ind. 70, 131 N.E.2d 308, it was stated,

"It is established law in this state that there is an inherent right to appeal to the courts for relief against the violations of personal or property rights as a result of administrative action. The legislature may not absolutely deprive one of such relief or judicial review. However, where the statute provides for a procedure for such review or for a judicial remedy, it excludes any common law or equitable procedure to the extent such statutory provisions are adequate in protecting and preserving such substantive rights guaranteed by the constitution, the statutes or general principles of law. Such statutory procedure must be followed at least to the extent of the remedy available before resort is made to any common law or equitable remedy." (Citations omitted.)

235 Ind. at 83, 131 N.E.2d 308.

In the case at bar, Warram was provided by the AAA a means by which she could have obtained review of the administrative determination of her ineligibility status. The court of review would certainly have been competent to adjudicate the questions of validity raised by Warram in the present action. Ind.Code 4–22–1–14 allows one aggrieved by an agency order, decision, or determination to allege the same is,

"(1) Arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law; or

(2) *Contrary to constitutional right, power, privilege or immunity*; or

(3) *In excess of statutory jurisdiction, authority or limitations, or short of statutory right*; or

(4) Without observance of procedure required by law; or

(5) Unsupported by substantial evidence." (Emphasis added.)

We therefore hold that Warram's independent action should have been dismissed for the reason that she did not avail herself of the adequate statutory remedy provided her.

Our holding is not affected by the fact Warram brought her complaint as a class action.[2] Warram, who is individually without a claim, may not represent a class. In *City of Hobart v. Baum*, (1956) 237 Ind. 316, 145 N.E.2d 573, our Supreme Court stated,

"[T]he right of the class to recover is contingent upon the right of action in the named plaintiff who represents the class. If his action fails, then the class action fails also. Thus, if he is a mere interloper, not qualified to represent the class, neither he nor the class whom he purports to represent have any valid status in court...."

237 Ind. at 318, 145 N.E.2d 573.

We hold that the trial court erred in not dismissing Warram's entire complaint, and remand to the trial court with instructions to dismiss the complaint.

ROBERTSON, J., concurs.

YOUNG, P. J. (Participating by designation), concurs.

2. Warram, the only named plaintiff, originally defined her class as "all persons who in the past, present, or future have or shall apply for medical assistance in the State of Indiana, and who have been or will be found ineligible on the basis of transfers of property...." In it conclusions of law, the trial court redefined the class to include all persons under age sixty (60) who have or will apply for medical assistance and who have been or will be found ineligible on the basis of a transfer of homestead property pursuant to Department of Public Welfare Bulletin #285, Section IV–E–1–(d) and § 2240 of the Medical Assistance Eligibility Manual for the Aged, Blind and Disable.