**ROCKVILLE TRAINING CENTER,**
Appellant (Petitioner below),

v.

**Alvin PESCHKE, Ralph Link, James L. White, Charles Jones, Maurice Wimmer, Richard L. Grimes and William Belshaw,** Appellees (Respondent below).

No. 2–682A191.

Court of Appeals of Indiana, Second District.

June 20, 1983.

Linley E. Pearson, Atty. Gen. of Ind., Bruce L. Kamplain, Deputy Atty. Gen., Indianapolis, for appellant.

Fred O. Towe, Fillenwarth, Dennerline & Groth, Indianapolis, for appellees.

SHIELDS, Judge.

Rockville Training Center (RTC) appeals the trial court's "confirmation" of an arbitration award in favor of Alvin Peschke *et al.* (Employees). The sole issue is whether the arbitrator exceeded his authority in directing further proceedings to consider the substantive merits of the grievances after deciding Employees' complaints were timely.

We reverse.

RTC employs Employees as guards. In January 1978 Employees initiated complaints concerning the asserted condition of their employment of required attendance at daily fifteen minute preshift meetings without overtime compensation. Employees and RTC are subject to the State Personnel Act. The State Personnel Act lays out the employee complaint procedure.

I.C. 4–15–2–35 (Burns Code Ed., 1974) (emphasis added) provides:

"Any regular employee may file a *complaint* if his status of employment is involuntarily changed or if he deems conditions of his employment to be unsatisfactory. The following complaint procedure shall be followed:

"Step I: The *complaint* shall be discussed by the employee and his immediate supervisor and, if a mutually satisfactory settlement has not been made within two [2] consecutive working days, such *complaint* shall be referred to Step II.

"Step II: The *complaint* shall be reduced to writing and presented to the intermediate supervisor. If a mutually satisfactory settlement has not been reached within four [4] consecutive working days, such *complaint* shall then be referred to the appointing authority.

"Step III: The appointing authority or his designated representative shall hold such hearings and conduct such investigations as he deems necessary to render a *decision* and shall make such decision in writing within ten [10] consecutive working days.

"Should the appointing authority or his designated representative not find in favor of the employee, the *complaint* may be submitted within fifteen [15] calendar days to the state personnel director. The director or his designee shall review the *complaint* and render a *decision* within fifteen [15] calendar days. If the *decision* is not agreeable to the employee, an appeal may be submitted by the employee in writing to the commission no later than fifteen [15] calendar days from the date the employee has been given notice of the action taken by the personnel director or his designee. After submission of the appeal, the commission shall, prior to rendering its *decision,* grant the appealing employee and the appointing authority a public hearing, with the right to be represented and to present evidence. With respect to all appeals, the commission shall render its *decision* within thirty [30] days after the appeal is submitted. If the commission finds that the action against the employee was taken on the basis of politics, religion, sex, age, race or because of membership in an employee organization, the employee shall be reinstated to his position without loss of pay. In all other cases the appointing authority shall follow the *recommendation* of the commission which may include reinstatement and payment of salary or wages lost by the employee which may be mitigated by any wages the employee earned from other employment during a dismissal or suspended period.

"If the *recommendation* of the commission is not agreeable to the employee, the employee, within fifteen [15] calendar days from receipt of the commission *recommendation,* may elect to submit the *complaint* to arbitration. . . . The . . . arbitrator shall consider the issues which were presented to the commission and shall afford the parties a public hearing with the right to be represented and to present evidence. The arbitrator's findings and recommendations shall be binding on both parties and shall immediately be instituted by the commission."

Thus, an employee is given the right to file a *complaint.* If a mutually satisfactory settlement is not reached between the em-

ployee and his immediate supervisor and, in turn, between the employee and his intermediate supervisor, the *complaint* is mandatorily referred to the appointing authority. That authority renders the first *decision.* If that *decision* is adverse to the employee the *complaint* may be submitted to the state personnel director. There is no statutory requirement the decision be on the substantive merits of the complaint to be so submitted. Indeed, it is not the *decision* of the appointing authority that is submitted to the director but the *complaint.*

If the *decision* of the director on the complaint is not agreeable to the employee, an appeal may be submitted to the State Employees Appeals Commission, I.C. 4–15–1.5–1 (Burns Code Ed., 1974) (Commission), and must be conducted in accordance with the Administrative Adjudication Act, I.C. 4–15–1.5–6(a) (Burns Code Ed., 1974). In addition, I.C. 4–15–2–35 specifically provides the right to be represented and to present evidence. Of necessity, then, the appeal is not a review of the *decision* of the director, but is a *de novo* consideration of the *complaint.* Therefore, by appealing the director's disagreeable decision, the employee is again submitting the *complaint,* only this time the complaint is submitted to the Commission.

I.C. 4–15–2–35 next provides that if the *decision* of the Commission is that "the action against the employee was taken on the basis of politics, religion, sex, age, race or because of membership in an employee organization, the employee shall be reinstated to his position without loss of pay." I.C. 4–15–2–35. In all other instances the statute allows the Commission discretion as to its recommendation although it does provide *suggested* remedies. If the *recommendation* is not agreeable to the employee, he may submit the *complaint* to arbitration.

We emphasize that the prerequisite to arbitration is not a disagreeable *decision,* but an unsatisfactory *recommendation.* The fact a recommendation is made presumes a decision that the complaint is meritorious, both procedurally and substantively. The recommendation is the solution to the complaint, *i.e.,* the remedy, and, as such, presupposes there is merit to the complaint. If the employee is dissatisfied with the remedy, then it is this remedy which is subject to arbitration. However, if the decision is that the complaint is without merit whether on a procedural point or on a substantive point, there is, of course, no recommendation. There is only a decision. Such a decision, *i.e.,* one without a recommendation, is not subject to arbitration. The only course available to an employee who suffers an adverse decision, *i.e.,* the Commission decides the complaint is either without procedural merit or substantive merit, is to appeal that decision pursuant to the Administrative Adjudication Act. *See* I.C. 4–22–1–14 (Burns Code Ed., 1974).

This construction of the statute fulfills our obligation to give meaning to every word. *Dague v. Piper Aircraft Corp.,* (1981) Ind., 418 N.E.2d 207, 210; *Lugar v. New,* (1981) Ind.App., 418 N.E.2d 248. The use of different words is indicative of an intent the different words have separate and distinct meanings. *See Sidell v. Review Bd.,* (1981) Ind.App., 428 N.E.2d 281, 284.

This court's decision in *Wagner v. Kendall,* (1980) Ind.App., 413 N.E.2d 302, is not inconsistent with this opinion. In *Wagner,* the state employees apparently submitted an *adverse decision* of the Commission to arbitration. The arbitrator rendered a favorable decision to the employees which the state sought to have vacated in the trial court on the ground the arbitrator had exceeded his authority under I.C. 4–15–2–35. The trial court granted the employees' motion to dismiss on the grounds the method of review was under the Administrative Adjudication Act, which the state had not followed, and not under the Uniform Arbitration Act, which the state did follow. This court reversed, holding the judicial review of arbitration is under I.C. 34–4–2–13, the Uniform Arbitration Act, and not under the Administrative Adjudication Act. Therefore, the issue presented to this court was the appropriateness of the method of review. The question of arbitrability of an

adverse decision (as opposed to a favorable decision, but unsatisfactory recommendation) was not considered by the *Wagner* court.

The arbitrator did exceed his authority in this case because he was without authority to hear and resolve the issues presented in the complaint. The controlling arbitration agreement is provided in I.C. 4–15–2–35. I.C. 4–15–2–35 provides only for review by arbitration of unsatisfactory recommendations to favorable employee decisions and not for review by arbitration of adverse employee decisions. Review of adverse decisions must be made pursuant to the provisions of the Administrative Adjudication Act.

Judgment reversed and remanded to the trial court with instructions to vacate the "award" of the arbitrator.

BUCHANAN, C.J., and SULLIVAN, J., concur.