**STATE of Indiana; Indiana State Prison, Jack Duckworth, Warden, Indiana State Prison; Indiana Department of Correction; Gordon H. Faulkner, Commissioner, Indiana Department of Correction, Defendants-appellants,**

v.

**William R. VAN ULZEN and Richard A. Sowards, Plaintiffs-appellees.**

No. 1–383A90.

Court of Appeals of Indiana, First District.

Nov. 23, 1983.

Rehearing Denied Jan. 4, 1984.

Linley E. Pearson, Atty. Gen., Sabra A. Weliever, Deputy Atty. Gen., Indianapolis, for defendants-appellants.

Jonathan L. Birge, Joseph H. Hogsett, Bingham, Summers, Welsh & Spilman, Indianapolis, for plaintiffs-appellees.

NEAL, Judge.

## STATEMENT OF THE CASE

The State of Indiana (State), defendant below, appeals the Shelby Circuit Court's decision to order arbitration pursuant to West's AIC 4–15–2–35, a provision of the State Personnel Act, IND.CODE 4–15–2–1 et seq.

We reverse.

## STATEMENT OF THE FACTS

Plaintiff-appellees William R. Van Ulzen and Richard A. Sowards are teachers at the Indiana State Prison, Michigan City, Indiana. On June 14, 1982, during an institutional lockdown, Van Ulzen and Sowards were assigned duties ordinarily performed by correctional officers. As a result of this incident, Van Ulzen and Sowards filed grievances under IND.CODE 4–15–2–35, pursuant to the State Personnel Act, alleging that the performance of the duties of a correctional officer on June 14th involuntarily changed their status of employment and created an unsatisfactory condition of employment.

IND.CODE 4–15–2–35 provides for a multi-stage complaint procedure culminating in a hearing before the State Employees Appeals Commission (Commission). In the instant case, Van Ulzen and Sowards' grievances were denied by their immediate supervisor, their intermediate supervisor, and the superintendent of the institution, their appointing authority. Then Van Ulzen and Sowards each submitted their complaint to the State Personnel Director, who denied their complaint, citing Rule 4–2(F)(3) of the official rules of the State Personnel Department which concerns substitution of employees in unrelated positions. Van Ulzen and Sowards subsequently appealed to the

State Employees Appeals Commission. The Commission determined that the grievances failed to state a claim upon which relief could be granted and denied the plaintiff-appellees a hearing. Van Ulzen and Sowards then made a written request to the Commissioner of the Indiana Division of Labor that their complaints be submitted to binding arbitration pursuant to IND.CODE 4–15–2–35. The Commissioner appointed separate panels of arbitrators. Plaintiff-appellees struck the name of one arbitrator from the list and notified the State of its similar prerogative under IND.CODE 4–15–2–35. The State refused to strike from the panels, contending that no arbitrable grievance was present in either complaint. Van Ulzen and Sowards consequently initiated the present action in the trial court, proceeding under IND.CODE 34–4–2–3 in order to compel arbitration. The trial court decided that the State had "unilaterally determined" that the plaintiff-appellees' grievances were not arbitrable (Record, pg. 7) and ordered arbitration. The trial court further awarded $1,700.00 in attorney fees against the State.

## ISSUES

On appeal, the following issues are presented, restated by us:

I. Whether the trial court erred in ordering arbitration pursuant to IND. CODE 4–15–2–35 of the State Personnel Act.

II. Whether the trial court erred in awarding attorney fees against the State.

## DISCUSSION AND DECISION

*Issue I: Arbitration.*

One of the purposes of the State Personnel Act is to establish a personnel system "based on merit and scientific methods relating to the appointment, compensation, promotion, transfer, layoff, removal and discipline of employees ...". IND.CODE 4–15–2–1. IND.CODE 4–15–1.5–1 creates the State Employees Appeals Commission which is authorized pursuant to IND.CODE 4–15–1.5–6, to hear appeals from state employees and render decisions as to the validity of such appeals or lack thereof. The hearings are to be conducted in accordance with IND.CODE 4–22–1–1 et seq., the Administrative Adjudication Act. IND.CODE 4–15–1.5–6(a).

The Administrative Adjudication Act (AAA), IND.CODE 4–22–1–1 et seq., was enacted to establish a uniform method of court review of all administrative adjudications by Indiana agencies. IND.CODE 4–22–1–1. Section 3 of the AAA provides "that in every administrative adjudication in which the ... legal relations of any person are required or authorized by statute to be determined by any agency", such determinations shall be made in accordance with the AAA.

Any party or person aggrieved by an order or determination of an agency is entitled to judicial review. IND.CODE 4–22–1–14. Such review is commenced by filing a petition with the appropriate circuit or superior court within 15 days of the receipt of the agency's order. *Id.* The petition must specifically allege wherein the order, decision or determination of the agency is:

"(1) Arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law; or

(2) Contrary to constitutional right, power, privilege or immunity; or

(3) In excess of statutory jurisdiction, authority or limitations, or short of statutory right; or

(4) Without observance of procedure required by law; or

(5) Unsupported by substantial evidence."

IND.CODE 4–22–1–18. If the trial court finds any one of the above, it may remand the case to the agency for further proceedings and may compel agency action withheld or unreasonably delayed. IND.CODE 4–22–1–18(5).

Court review of administrative action affecting legal relationships is intended to be an exclusive statutory remedy. *Thompson v. Medical Licensing Board,*

(1979) 180 Ind.App. 333, 389 N.E.2d 43, cert. denied, 449 U.S. 937, 101 S.Ct. 335, 66 L.Ed.2d 160 (1980). Further, it is axiomatic that exhaustion of administrative remedies is required before suit may be brought in the trial court. *St. Joseph's Hospital, Inc. of Fort Wayne v. Huntington County Department of Public Welfare,* (1980), Ind. App., 405 N.E.2d 627. *See State ex rel, Paynter v. Marion County Superior Court,* (1976) 264 Ind. 345, 344 N.E.2d 846.

■ All the proceedings under the State Personnel Act are subject to the AAA. IND.CODE 4–15–2–35, which lays out the stages of the complaint procedure, from the filing of the complaint with the immediate supervisor to an evidentiary hearing before the State Employees Appeals Commission, is part of the Personnel Act. The latter segment of that statute states, as is relevant herein:

> "If the commission finds that the action against the employee was taken on the basis of politics, religion, sex, age, race or because of membership in an employee organization, the employee shall be reinstated to his position without loss of pay. In all other cases the appointing authority shall follow the recommendation of the commission which may include reinstatement and payment of salary or wages lost by the employee which may be mitigated by any wages the employee earned from other employment during a dismissed or suspended period. If the recommendation of the commission is not agreeable to the employee, the employee, within fifteen (15) calendar days from receipt of the commission recommendation, may elect to submit the complaint to arbitration."

All the administrative steps up to arbitration are reviewable under the AAA. *Wagner v. Kendall,* (1980) Ind.App., 413 N.E.2d 302. Thus, the decision of the Commission concerning the validity of the employees' complaint, the penultimate step in the complaint procedure, is the final decision of the administrative agency and as such is subject to judicial review under the tenets of IND.CODE 4–22–1–14.

■ In the instant case, the Commission determined that plaintiff-appellees had "failed to state a claim upon which relief can be granted". The Commission refused Van Ulzen and Sowards hearings on their claims and denied arbitration. This determination was appealable under IND.CODE 4–22–1–14, which provides for judicial review. If the decision of the Commission was arbitrary and capricious, contrary to constitutional right, in excess of statutory jurisdiction, without observance of procedure required by law, or unsupported by substantial evidence, then the trial court has the power to remand the case and compel the Commission to (1) conduct a hearing; and (2) possibly, to allow arbitration of the claim.

Our determination that the proper course of action following an adverse decision of the Commission is judicial review under the AAA is bolstered by the recent decision of *Rockville Training Center v. Peschke,* (1983) Ind.App., 450 N.E.2d 90.

The *Rockville* court dealt with the very issue with which we are now confronted: under what circumstances may an employee elect to submit his complaint to arbitration following a decision by the Commission?

In *Rockville,* six employees were guards at the Rockville Training Center. They initiated complaints concerning a job requirement that they be present at daily fifteen-minute preshift meetings without overtime pay. *Rockville, supra,* at 91. Since the petitioners were state employees, they were subject to the State Personnel Act, and, necessarily, the complaint procedure of IND.CODE 4–15–2–35. They completed all the steps of the multi-level procedure and then submitted their complaint to arbitration. *Id.*

Judge Shields, writing for the Second District, engaged in extensive construction of the statutory language of IND.CODE 4–15–2–35. The *Rockville* court determined that the prerequisite to arbitration is not a disagreeable *decision,* but an unsatisfactory *recommendation* (emphasis in original):

"The fact a recommendation is made presumes a decision that the complaint is meritorious, both procedurally and substantively. The recommendation is the solution to the complaint, i.e., the remedy, and, as such, presupposes there is merit to the complaint. If the employee is dissatisfied with the remedy, then it is this remedy which is subject to arbitration. However, if the decision is that the complaint is without merit whether on a procedural point or on a substantive point, there is, of course, no recommendation. There is only a decision. Such a decision, i.e., one without a recommendation, is not subject to arbitration. The only course available to an employee who suffers an adverse decision, i.e., the Commission decides the complaint is either without procedural merit or substantive merit, is to appeal that decision pursuant to the Administrative Adjudication Act. *See* I.C. 4–22–1–14."

*Rockville, supra,* at 92.

Thus, the arbitration option under IND. CODE 4–15–2–35 has been considerably narrowed as a result of the *Rockville* decision. An employee who wishes to contest an adverse decision rendered by the Commission must pursue his claim through judicial review by a trial court. In the instant case, the claimants commenced a separate civil suit to enforce arbitration outside the procedure set up in the AAA. This course of action is inappropriate in light of the *Rockville* decision.

Plaintiff-appellees Van Ulzen and Sowards direct us to several decisions which they state are indicative of Indiana courts' consistent acknowledgment of an employee's right to submit his complaint to arbitration following a decision by the Commission, a position contrary to the *Rockville* holding. Plaintiff-appellees primarily refer to *Wagner v. Kendall,* (1980) Ind.App., 413 N.E.2d 302, a decision of this District, and *State ex rel. Pearson v. Gould,* (1982) Ind., 437 N.E.2d 41, a recent Indiana Supreme Court decision.

We note that the *Wagner* court merely held that the *result* of arbitration is appealable under IND.CODE 34–4–2–13, the Uniform Arbitration Act, while *Pearson* dealt with the unauthorized practice of law of a labor relations representative before the Commission. Neither case involved the issue of arbitrability of an adverse decision by the Commission, which was the subject of *Rockville;* therefore, we are not bound by dicta therein.

■ In addition to the above arguments, the State asserts further that the trial court erred in ordering arbitration because there was no recommendation from the Commission which would allow the employees to proceed to arbitration. (Appellant's Brief, pg. 11).

The Commission determined that plaintiff-appellees failed to state a claim upon which relief can be granted; it disallowed a hearing and made no factual determinations since its decision was based on the legal insufficiency of Van Ulzen and Soward's claims. That determination, the State claims, cannot be a recommendation which leads to arbitration under IND. CODE 4–15–2–35. (Appellant's Brief, pg. 12).

We agree with the State in this regard. The construction given by the court in *Rockville* and followed here is a practical result: if the complaints were termed legally insufficient at the outset by the Commission, then that legal insufficiency is not cured simply by taking the matter to arbitration. For example, if the Commission was in error in its ruling, then the complaint will be reviewed by the trial court pursuant to the AAA, and it will remand the matter and compel the Commission to conduct a hearing. If the employees' grievances are deemed meritorious by the Commission, it will make a recommendation to the appointing authority; then, if the employees are dissatisfied with the recommendation, they may submit the complaint to arbitration. On the other hand, if, on judicial review, the trial court sustains the Commission's decision, then a pointless arbitration proceeding is avoided.

*Issue II: Attorney Fees.*

The trial court awarded $1,700.00 in attorney fees against the State on the basis of the "private attorney general" exception to the general rule denying the awarding of such fees. *See Saint Joseph's College v. Morrison, Inc.*, (1973) 158 Ind.App. 272, 302 N.E.2d 865.

Because we find the trial court erred in ordering arbitration pursuant to IND. CODE 4–15–2–35, we need not discuss the merits of the "private attorney general" exception to the general prohibition against the award of attorney fees to an adverse party.

One further matter requires discussion, however. In their brief, plaintiff-appellees request that we permit review of their complaints pursuant to the AAA in the event we decide that IND.CODE 4–15–2–35 does not provide for arbitration in the instant situation.

IND.CODE 4–22–1–14, which provides for judicial review for any party or person aggrieved by an order of an agency, states that the petition for review shall be filed within fifteen (15) days after notification of the agency order. The statute goes on to state, "[u]nless a proceeding for review is commenced by so filing such petition with fifteen (15) days any and all rights of judicial review and all rights of recourse to the courts shall terminate." IND.CODE 4–22–1–14.

■ Failure to comply with the above-quoted statutory mandate is jurisdictional. *Warram v. Stanton*, (1981) Ind.App., 415 N.E.2d 114. *See Indiana Civil Rights Commission v. International Union, United Automobile, Aerospace and Agriculture Implement Workers of America, UAW*, (1979) 179 Ind.App. 407, 385 N.E.2d 1176; *White v. Board of Medical Registration and Examination of Indiana*, (1956) 235 Ind. 572, 134 N.E.2d 556. The provisions as to time are mandatory, and a condition precedent to a court acquiring jurisdiction where an appeal or review is sought from an administrative order or determination. *White, supra,* at 577, 134 N.E.2d 556.

Because the fifteen-day time requirement is jurisdictional, we determine that we cannot waive the requirement in order to allow plaintiff-appellees' complaints to be reviewed pursuant to the AAA as per their request.

Judgment reversed.

ROBERTSON, P.J., and RATLIFF, J., concur.